## LAWRENCE MOORE ET AL.
### v.
## HELEN R. WILLIAMS ET AL.

*Practice—Motion to Dismiss Appeal—Real Property—Conveyance in Consideration of Support — Homestead—Reservation — Abandonment — Failure of Consideration—Restitution.*

1. A party to a suit can not enforce a portion of a decree which is in his favor while prosecuting an appeal for the reversal of a portion of the same decree which is adverse to him.

2. In the case presented this court dismisses the appeal, the appellants having secured possession of the premises in question by means of a writ of restitution under one part of the decree while prosecuting an appeal to reverse it as to part thereof adverse to them.

[Opinion filed January 10, 1889.]

APPEAL from the Circuit Court of Franklin County; the Hon. B. H. CANBY, Judge, presiding.

Mr. W. H. WILLIAMS, for appellants.

Messrs. GEORGE C. ROSS and CHARLES H. LAYMAN, for appellees.

Since the appeal was perfected, appellants have, in conformity to that same decree from which they appealed, asked for and obtained their writ of restitution, and have actually taken possession of the lands, with its crops, and ousted appellee from her place; then they perfect their appeal to this

court seeking to reverse another part of the same decree which gave judgment against appellants for $600, and making such judgment a lien on the lands in controversy. For proof of this, see certified copy of writ of restitution, with officer's return thereon; also affidavit of A. D. W. Williams as to appellants being in actual possession of the lands. This, they can not legally do. A party can not avail himself of that portion of a decree which is favorable to him and secure its fruits, and then reverse, in an appellate court, such portions as militate against him. If a decree is to be reversed the parties should be placed in *statu quo*. Holt v. Rees, 46 Ill. 181.

When a party accepts the benefits of a decree, he can not afterward prosecute a writ of error to reverse it. Such an act operates as an estoppel, and may be treated as a release of errors. Corwin et al. v. Shoup, 76 Ill. p. 246; see, also, Morgan v. Ludd, 2 Gilm. 414; Thomas v. Negus, 2 Gilm. 701; Austin v. Bainter, 40 Ill. 82.

In this case, appellants, with full knowledge, accepted the fruits of a decree by forcibly ousting appellee, and now seek to reverse the same decree. "Any decisive act of the party, done with knowledge of his rights and of the fact, determines his election and works an estoppel." Bigelow on Estoppel (2d Ed.), p. 503.

REEVES, J. Appellants filed their bill in chancery against appellees, alleging that on the 27th day of April, 1881, William B. Finney and Helen R. Finney, his wife (now Williams), conveyed by warranty deed certain lands to appellants. The consideration of the deed was expressed to be, " that the grantees herein (appellants) shall provide for the wants of and take care of the grantors (William B. and Helen R. Finney) during their natural lives." Before Helen R. Finney would sign the deed she required that this provision should be inserted in the deed, viz.: " It is further agreed that this deed is not to exclude H. R. Finney of her rights under and by virtue of the homestead laws of this State." The bill sets forth the death of William B. Finney about the 25th day of May, 1881, and that Helen R. continued in possession of the

Moore v. Williams.

lands until about April 10, 1887, when she married A. D. W. Williams, and abandoned the lands and went to live with her husband upon his lands, as their homestead; that because of her abandonment of the lands in controversy, and for other reasons set out in the bill, she had forfeited the right of homestead reserved to her by said deed.

Appellants prayed for a decree declaring an extinguishment of said homestead claim, and that appellants be put in possession of said lands, and to this end that a writ of possession issue. The answer of Helen R. Williams, appellee, admits all the allegations of the bill except the alleged abandonment of the lands or the commission of waste, which she specifically denies. Mrs. Williams also filed a cross-bill, and the allegations upon which she sought affirmative relief were that appellants had failed and refused to provide for the wants and take care of the said William B. and Helen R. Finney during their natural lives, and that she had been compelled to meet these wants and pay for the necessary care out of her own funds, and claiming that there was due her on this account the sum of $1,451.50, praying for a decree against appellants for that amount. Appellants filed their answer to the cross-bill, and denied *seriatim* all the allegations of the cross-bill upon which affirmative relief was sought. After replication to the answers the case went to a hearing and decree. The decree found that there had been abandonment by Mrs. Williams of her homestead in the said lands and decreed the same to be extinguished, and that appellants were entitled to the immediate possession of said lands, and ordered that a writ of restitution issue, etc. The decree further found that appellants had wholly failed, neglected and refused to provide for the wants and take care of appellee, Helen R., and that she had been compelled to rely for the necessaries of life upon her own efforts and the charity of friends, and that the reasonable value of such necessaries was the sum of $600, and decreed that appellants pay her that sum within thirty days, etc.

An appeal was prayed and allowed to this court, and the record, abstract and brief filed by appellants within the time required by law and the rules of this court.

On the 7th day of September, 1888, a motion was made by appellees to dismiss the appeal, and the disposition of the motion was reserved until the final hearing. The motion sets forth, after reciting the terms of the decree, that on the 19th day of June, 1888, the appellants caused to be issued the writ of possession ordered by the decree, and on the 28th day of June, 1888, the sheriff of Franklin county, by virtue of said writ, put appellee, Helen R. Williams, out of possession of the lands described in the decree and put appellants into possession of the same. A copy of said writ, and the return of the sheriff thereon, duly certified, were filed in support of the motion. The legal ground upon which the motion is based is that a party can not avail himself of that portion of a decree which is favorable to him and secure its fruits, and then reverse, in the Appellate Court, such portions as militate against him; in this case, that appellants could not avail themselves of that part of the decree giving them the right to the immediate possession of the land in controversy, and the aid of the court in enforcing this right by a writ of possession, and, after securing the fruits of this portion of the decree, seek a reversal of that part of the decree which required them to pay Mrs. Williams $600. We think this point is well taken. Holt v. Rees, 46 Ill. 181; Corwin v. Shoup, 76 Ill. 246.

The appeal will be dismissed and proceeds awarded.

*Appeal dismissed.*