EMMA KRAUSS, complainant and respondent,

*v.*

GUSTAV A. KRAUSS, defendant and appellant.

[Submitted March 24th, 1908. Decided June 15th, 1908.]

Where one has applied for and secured an order from the court of chancery purging him of contempt and discharging him from an attachment, said order being made upon certain conditions to be performed by the party discharged, such party cannot, after accepting the benefit of the order, attack by appeal one or more of the conditions imposed.

This is an appeal from an order of the court of chancery by which the appellant, Gustav A. Krauss, upon certain terms and conditions, was relieved and purged of his contempt and discharged from imprisonment under an attachment theretofore issued against him for disobeying a decree of the court of chancery, which ordered him to pay alimony to his wife.

*Messrs. Hudspeth & Carey* and *Mr. Gilbert Collins,* for the appellant.

*Mr. James C. Gordon,* for the respondent.

27

The opinion of the court was delivered by

REED, J.

The situation when the order appealed from was made was as follows: The wife of the appellant had filed a bill in the court of chancery to compel her husband to pay her alimony. In the suit so begun, a decree was made that Krauss should pay the costs of the suit, a counsel fee to his wife's solicitor and should pay his wife $100 per month. Krauss paid nothing, but left this state, wandering through the south and southwest, until he reached South Dakota, where he brought a suit to divorce his wife and obtained a decree therein. He then married another woman and took up his residence in the city of New York. He was indicted in Hudson county for malpractice, while previously practicing there as a physician. He was extradited, and while imprisoned in the Hudson county jail a civil action was brought against him for the same malpractice. This action was begun by a writ of *capias ad respondendum.* While still in jail an *alias* writ of attachment was issued out of the court of chancery, based upon his disobedience of the order to pay costs, counsel fee and alimony.

He was acquitted upon the trial of the indictment, and secured a nonsuit upon the trial of the civil action, but he was still held under the attachment issued for his contempt of the chancery decree.

He applied to the court of chancery for his discharge, and his application was denied. Later he again applied for his discharge, and upon this application the order under review was made.

The court first adjudged the defendant to be in contempt for his failure to pay the alimony awarded to the complainant in the case. It then ordered that the defendant appellant should be relieved and purged of his contempt and be discharged from further imprisonment upon several conditions:

*First,* that he pay $500 on account of costs incurred, and the counsel fee allowed in the decree in the original cause.

*Second,* that he pay the costs in the contempt proceedings.

*Third,* that he make his promissory note to one Ackerman, trustee for Emma Krauss, the complainant, for all the alimony owing up to the date of the order, and the remainder of the costs.

*Fourth,* that he should execute an agreement that he would not use the decree of divorce alleged to have been procured by him in South Dakota as a defense or bar to any claim, demand or proceeding thereafter taken by Emma Krauss or in her behalf, to make secure or collect the alimony due or thereafter to accrue to her under the final decree providing for the payment of such alimony, or in any civil suit brought by her or in her behalf founded on the original marriage relations between the complainant and the defendant, and further, that Gustav Krauss should join with her in the execution of deeds or mortgages upon her separate property. Further, that Gustav Krauss should keep books of accounts of his receipts and expenditures, and certify a transcript thereof upon the complainant every six months.

The appellant paid the $500 and the taxed costs in the contempt proceedings. He also gave his promissory note for the amount of alimony due, and for the payment of costs. He also executed an agreement in conformity with the conditions imposed. Upon the performance of all these conditions, he was, under the order, entitled to and obtained his discharge.

Thereafter he filed his petition of appeal from the order of the court of chancery granting his discharge upon the conditions named. In his petition of appeal he complains of each of the conditions imposed upon him.

The right of the court in the instance of one who has contemned its decree to order him to perform certain acts deemed requisite to annul his contemptuous conduct, and essential to procuring the operation of the decree, as a condition upon which the contemner shall purchase his relief from contempt and discharge from punishment, seems to be entirely clear. *9 Cyc. 61; 10 Cent. Dig. Con. § 283; In re Davies, 21 Q. B. D. 236; Roberts v. Donovan, 16 Ont. Pr. 456; Thornton v. Davis, 4 Cranch C. C. 500; In re Steinert, 29 Hun 301; Newton v. Askew, 6 Hare 319-325; Scully v. Skehane, Sau. & Sc. 710.*

The principal attack upon the conditions imposed is leveled at the one which required the execution of an agreement that the appellant would not use the Dakota divorce decree as a bar to any claim for alimony. The effect of this condition, it is argued, is practically to annul the force of the foreign decree, and that this cannot be done upon a summary proceeding and without the orderly processes of a regular suit of equity.

Before passing upon the propriety of this condition, however, the prefatory question confronts us. This question is whether it is now permissible to the appellant to challenge the validity of that condition upon appeal. It is settled by a line of cases that the court of chancery possesses the ability to annul a foreign decree of divorce if fraudulently obtained. *Doughty* v. *Doughty, 28 N. J. Eq.* (*1 Stew.*) *581; Magowan* v. *Magowan, 57 N. J. Eq.* (*12 Dick.*) *322; Streitwolf* v. *Streitwolf, 58 N. J. Eq.* (*13 Dick.*) *563.*

That the pretended Dakota divorce was obtained by imposition upon the foreign tribunal respecting the domicile of the appellant is transparent from the testimony taken in this cause. The only ground for complaint by the appellant is that he was not offered the privilege of answering and contesting in a regular suit, the charge of fraud in obtaining the Dakota decree.

It is to be observed, however, that the order of the court of chancery itself had not the slightest annulling influence upon the Dakota decree. The order did not even strip the appellant of the power to use the decree in the modified form prescribed in the conditions. Whether it would have this effect depended entirely upon the volition of the appellant. He had the right to refuse to accept the purgation of his contempt and his discharge from the attachment upon the conditions imposed. The conditions only became forceful by his acceptance of the same, and by the execution of the required agreement. By his acceptance he waived *pro tanto* his right to a regular trial of the validity of the decree, and by this waiver secured his discharge from the restraint of the attachment.

The query now is whether after having secured by acceptance the benefit of the order by which he was set at liberty, and hav-

ing returned, presumably, to his New York domicile, he can retain that benefit and at the same time challenge the validity of the condition upon which he obtained it.

It is a settled rule that where a party recovers a judgment or decree and accepts the benefits thereof voluntarily and knowing the facts, he is estopped to afterwards reverse the judgment or decree on error. The acceptance operates as and may be pleaded as a release of error. *2 Cycl. Pl. & Pr. 174, 175; 2 Cyc. 651; Ell. App. Pro. § 162.*

The language of the text in these books of authority is sustained by a great array of cases. From this rule springs the difference between the position of a party who pays a judgment against him and a party who accepts the payment of a sum awarded to him by the judgment. The former has his right of appeal because he receives no benefit from the judgment, while he who accepts the fruits of the judgment is estopped from appealing. *Ell. App. Pro. § 152.*

From this rule, that when he accepts the benefit awarded to him by the judgment or decree, flows the corollary that where the award of a benefit is coupled with the imposition of conditions to be performed by the person benefited, and he accepts the benefits, he is precluded from afterward challenging the validity of the conditions by an appeal.

The rule is stated in the text of *2 Cyc. 645* in this language:

"If a trial court imposes terms as a condition upon which a continuance or amendment will be allowed, or upon which an order will be granted, or other thing will be done or not done, and the party upon which the terms are imposed accepts them, he will be deemed to have acquiesced in the ruling and he cannot afterward question its validity in the appellate courts."

A party cannot avail himself of that portion of the decree which is favorable to him and secure its fruits while prosecuting an appeal to reverse such portion as mitigates against him. *Moore v. Williams, 29 Ill. App. 597.*

In *Mahone v. Williams, 39 Ala. 202,* the plaintiff was permitted to amend a pleading upon a certain condition, and the plaintiff proceeded to accept the conditions and amend. Upon

appeal the appellate court refused to consider that part of the judicial order imposing the conditions.

In *Tupper, Administrator,* v. *Kilduff, 26 Mich. 394,* after one trial of the cause, the defendant asked permission to amend his plea and add an additional affidavit. This was granted upon condition that the defendant should stipulate that the amendment should have no other effect than to prevent the recovery of interest between two dates, unless the jury should find that the defendant had notice of certain forgeries, &c. The defendant entered into the stipulation and made his amendment and filed his affidavit. It was held that the administrator of the defendant—he having died—would not be heard on error to complain of the terms imposed in granting the order permitting the amendment and the filing of the affidavit.

In *Flanders* v. *Town of Merrimac, 44 Wis. 621,* an order to change a venue was granted upon condition that the plaintiff who asked for the order should pay certain costs. He paid the costs, took the benefit of the order changing the place for trial. He then took an appeal from so much of the order as required him to pay the costs. The appellate court observed that "if it were necessary in the decision of the appeal, they would be inclined to hold that, the appellant was entitled to his order without the payment of the costs, but in the view the court took of the case it was unnecessary to decide that question. It was held unnecessary to decide it because the appellant was precluded from questioning the validity of the conditions imposed. To permit him to do so, the court said, would be contrary to the maxim *qui sentit commodum sentire debet et onus.* The appellant having accepted at the hands of the court the order applied for by him, he must take it with the burden imposed. If not satisfied with the burden, he should refuse the benefits."

The appellant in this case, having accepted the benefit of the order purging him of *contempt and discharging him from the attachment,* cannot attack the conditions imposed by an appeal to this court.

The appeal must be dismissed.

*For dismissal*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, REED, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, GREEN, GRAY, DILL—13.

*For reversal*—SWAYZE, PARKER, VROOM—3.