CAPITAL FINANCE CORP. v. C. J. OLIVER, *et al.*

156 So. 736.

Division B.

Opinion Filed October 8, 1934.

*Clyde W. Atkinson,* and *A. P. Meadows,* for Appellant; *F. R. Hocker,* for Appellees.

BROWN, J.—Appellant filed its bill in the Circuit Court of Marion County against appellees to foreclose two tax certificates which had been purchased by one T. S. Green and assigned to appellant. Appellees filed an answer in which they set up certain grounds of attack upon the validity of the tax certificates and praying for affirmative relief by way of cancellation of such certificates as a cloud on title. Appellees did not expressly denominate any part of their answer as a counter claim, but they evidently deemed it as such, because they served upon one of appellant's solicitors of record a copy thereof within ten days, as required by Section 35 of the 1931 Chancery Act. Said Section of the Chancery Act provided that an answer may, without cross bill, set out any counter claim against the plaintiff which might be the subject of an independent suit in equity against him, and further provides that if the answer contains a counter claim, appropriate special relief shall be expressly prayed in respect to the counter claim, otherwise the answer shall be regarded as defensive only. Appellant suffered a decree *pro confesso* to be taken against it on the counter claim and the case proceeded to final decree in which the Chancellor ordered the appellees to pay to appellant the amount which appellant's assignor had paid as the purchase price of the tax certificates and that such tax certificates be canceled as null and void. Several months later counsel for appellant filed a motion to set aside the decree *pro confesso* and the final decree upon the ground, among others, that the answer did not contain a counter claim but only defensive matter. Section 38 of the Chancery Act provides that in the absence of a special order of the court, ten days and no longer shall be allowed the complainant in which

to move to strike an answer or any part thereof or to dismiss a counter claim contained therein, or to set down the cause on bill and answer, and that the period of ten days shall begin to run from the time the answer is required to be filed or the service of the counter claim. Appellant therefore did not take advantage of the opportunity which the law afforded it to test out the question before the court as to whether the answer did contain a counter claim. Counsel for appellant, as shown by the motion to set aside the decree *pro confesso,* rested on his own judgment that the answer contained only defensive matter and declined to treat it as a counter claim, without putting that question up to the court until several months later by way of motion to set aside the decree *pro confesso* and the final decree. Section 41 of the Chancery Act provides that if an answer asserts counter claim and prays affirmative relief, any cross-defendant may, upon due notice, test the sufficiency of the same by motion to dismiss the counter claim. And Section 42 provides that if a cross-defendant shall fail to file his reply or other defense to an answer asserting counter claim and specially praying relief, at the time prescribed by law or within such other time as shall have been fixed by the court, a decree *pro confesso* may be taken and like proceedings had thereon as in the case of failure to answer or file defensive pleadings to a bill of complaint. Section 43 of said Act further provides that when the bill in any cause is taken *pro confesso,* the court may proceed to a decree, and such a decree rendered shall be absolute unless the court shall set aside or enlarge the time for filing answer upon motion and affidavit filed within twenty days after the entry of the final decree. As indicated by Section 42, this rule would apply to decrees *pro confesso* on counter claims.

The twenty-day period had long expired when the motion

to set aside the decree *pro confesso* and final decree was made. Several months had elapsed. The decree rendered had become absolute at the end of the twenty-day period as provided in Section 43. It is therefore very doubtful in view of these statutory provisions that there is any merit in this appeal.

However, we think that the appeal herein might very well be disposed of on motion to dismiss the appeal, heretofore filed and consideration thereof postponed until final hearing. The appellant saw fit to accept the money which the Chancellor required the appellees to pay into the court for the benefit of the appellant, which might well have been deemed as a condition precedent to the relief granted to appellee by way of cancellation of the tax certificates. One of the grounds of the motion to dismiss the appeal filed by the appellees herein, is that the appellant has accepted the benefits accruing to him under the decree appealed from. The appeal is from the decree as a whole. It is a general rule that one cannot ordinarily accept a benefit under a judgment or decree and then appeal from it, when the effect of his appeal may be to annul the decree as a whole. The motion to dismiss the appeal is therefore granted. See Adams. v. Carter 92 Miss. 579, 47 So. 409; 3 C. J. 679; 2 R. C. L., 61; McKain v. Mullen, 64, 65 W. Va. 588, S. E. 629; 29 L. R. A. (N. S.) 1; McMullen v. Ft. Pierce Financing & Construction Co., 146 So. 576, 108 Fla. 492.

Appeal dismissed.

WHITFIELD, P. J., and BUFORD, J., concur.

DAVIS, C. J., and ELLIS, and TERRELL, J. J., concur in the opinion and judgment.