### SHAFFER v. GREAT AMERICAN INDEMNITY CO.

#### No. 11189.

Circuit Court of Appeals, Fifth Circuit.

March 13, 1945.

Durrell Carothers and Walter F. Brown, both of Houston, Tex., for appellant.

W. L. Kemper, of Houston, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an action under the Workmen's Compensation Law of Texas. Special issues were submitted to the jury under Rule 49 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the verdict thereon in all respects was in favor of the plaintiff.

The jury found that the plaintiff became totally disabled for 260 weeks beginning February 23, 1943, and ending February 22, 1948; that he would be partially disabled during the period of 104 weeks beginning February 23, 1948, and ending February 22, 1950. Upon the issue as to the average weekly wages of plaintiff during the period immediately preceding February 23, 1943, the jury found the amount to be "$37.25 approx." It further found that his average weekly earning capacity during said period of partial disability would be $6.

The court below rendered judgment for the plaintiff on the finding as to his total disability; but disregarded the verdict and denied any recovery on the finding as to his partial disability, because of the abbreviation "approx." after the figures $37.25. The exact amount of the plaintiff's average weekly wages, according to the undisputed evidence, was $37.36-46/47; from this it is apparent that the finding was exactly 11 cents and 46/47 of a cent less than the correct amount.

The evidence on that subject was positive, explicit, and uncontradicted. The error being clear, and ascertainment from

the record of the correct amount involving merely an arithmetical calculation, the court below should have amended the verdict by inserting therein, in lieu of "$37.25 approx.," the figures $37.36-46/47 as the amount of the plaintiff's weekly wages. Then it should have deducted $6 therefrom, awarded 60% of the result, or $18.82, as weekly compensation for 104 weeks, and entered judgment accordingly. Since the court might have granted a peremptory instruction to the jury to find the average weekly wages to be $37.36-46/47, and since the court deemed the jury's finding void for uncertainty, the court had the power to make a supplemental finding as to the exact amount; this supplemental finding, the verdict of the jury, and the stipulation of the parties, would have been sufficient to support a judgment for partial as well as for total disability.*

Separate questions were propounded to the jury upon the issues of total and partial disability, and separate answers were returned in response thereto. A judgment for the plaintiff was entered; it dealt in separate paragraphs with the two principal parts of the plaintiff's demand, first awarding him compensation for total disability, and then providing that the plaintiff take nothing as against the defendant on his demand for damages growing out of partial disability. The latter is the portion of the judgment from which the plaintiff appealed. He did not appeal from the portion that awarded him compensation for total disability.

The appellee moves to dismiss this appeal because appellant accepted and is accepting payments on the amount awarded him as compensation for total disability and only appealed from that portion of the judgment denying him any compensation for partial disability. We think the appellant is not estopped to prosecute this appeal. Under Rule 73 of the Federal Rules of Civil Procedure, both parties had the right to appeal from such portions of the judgment as were prejudicial to them.

The threat to issue execution on that part of the judgment favorable to the plaintiff did not deprive the defendant of its right to appeal. If the defendant did not appeal, it was obligated to pay or suffer execution against it; but the plaintiff waived none of his rights, and did or said nothing that misled the defendant. It would not be a liberal construction of the rule to hold that a party must appeal from an award that is wholly favorable to him in order to obtain a review of a separate paragraph in the judgment denying him any recovery on a distinct item of damages. If the plaintiff did not have the right to appeal from only a part of the judgment, his alternative to correct the error of the court in refusing to amend the verdict and enter judgment for him was to ask for a new trial or seek a reversal of the entire judgment. Such a hardship upon the plaintiff for so slight an error, which as a matter of law should have been corrected by the court, would be against the letter and spirit of the new rules.†

The motion to dismiss is overruled, the portion of the judgment appealed from is reversed, and the cause is remanded to the district court with directions to correct the verdict and enter judgment for the appellant in accordance with this opinion.

HUTCHESON, Circuit Judge (specially concurring).

I think it quite clear that the district judge erred in denying plaintiff's motion to enter judgment on the verdict allowing plaintiff recovery for partial disability. While the finding "approximately $37.25 per week" is not sufficiently definite to support a verdict,[1] I think the evidence established as matter of law that the weekly wages were $37.36-46/47, and the jury

---

*Act of Sept. 24, 1789, c. 20, Sec. 32, 1 Stat. 91; Revised Statutes of the United States, Sec. 954; 28 U.S.C.A. § 777, Note 66; Roach v. Hulings, 41 U.S. 319, 320, 10 L.Ed. 979; Parks v. Turner, 53 U.S. 39, 12 How. 39, 13 L.Ed. 883; Downey v. Hicks, 55 U.S. 240, 14 L.Ed. 404; Koon v. Phoenix Mut. Ins. Co., 104 U.S. 106, 26 L.Ed. 670; Gay v. Joplin, 8 Cir., 13 F. 650; Swofford Bros. Dry Goods Co. v. Smith-McCord Dry Goods Co., 8 Cir., 85 F. 417; Miller v. Steele, 6 Cir., 153 F. 714; American Lumber & Mfg. Co. v. Atlantic Mill & Lumber Co., 3 Cir., 290 F. 632; Solomon v. Waterbury Brass Goods Corporation, 2 Cir., 6 F.2d 990; Gary v. Consolidated Forwarding Co., 7 Cir., 115 F.2d 632.

† Rule 73(b) of Federal Rules of Civil Procedure.

[1] Texas Employers Ins. Ass'n v. Fitzgerald, Tex.Civ.App., 292 S.W. 925.

should have been instructed on this point. It is quite clear to me therefore that the judgment should be affirmed unless appellee's motion to dismiss because plaintiff has accepted pay under the judgment and an appeal is inconsistent with that acceptance is well taken.

If the appeal would have had the effect, if successful, of in any manner disturbing or changing that part of the judgment which had been entered in plaintiff's favor, I think appellee would have been right in insisting that the appeal should have been dismissed. This is the rule not only generally but in the federal courts as well.[2] In short, if the provisions of the judgment were interdependent so that the acceptance of payment under the favorable portion would be inconsistent with the alleged invalidity in the portion appealed from, plaintiff could not have accepted benefits under that portion favorable to him and afterwards prosecuted the appeal to reverse in the appellate court the portion unfavorable to him.[3] This rule does not apply, however, where acceptance of the benefits from part of the judgment or decree is not inconsistent with an appeal from other parts as where the right to the benefit accepted is absolute or where his appeal is to establish his claim to something additional or to a greater amount, and its establishment will not in any manner affect the favorable portion of the judgment.[4] It is quite clear that the appeal cannot produce a result in any way inconsistent with plaintiff's insistence upon payment of so much of the judgment as was in his favor. He seeks not a reversal of the judgment but an addition to it, and whether his appeal succeeds or fails, the judgment, to the extent that it is in his favor, stands. In such circumstances, the doctrine appellee invokes has no application for it is not a technical rule designed to impede or embarrass appeals. It is a rule of substance designed to prevent one from enforcing a judgment in one breath and seeking to set it aside in the other.

---

[2] 4 C.J.S., *Appeal and Error,* § 215(a); In re Minot Auto Co., 8 Cir., 298 F. 853; Prelusky v. Pacific Co-op. Cafeteria Co., 195 Cal. 290, 232 P. 970; Capital Finance Corporation v. Oliver, 116 Fla. 790, 156 So. 736.

[3] Altman v. Shopping Center, 8 Cir., 82 F.2d 521; Smith v. Morris, 3 Cir., 69 F.2d 3.

[4] 4 C.J.S., *Appeal and Error,* § 215(b), note 12; In re Minot Auto Co., 8 Cir., 298 F. 853; Spencer v. Babylon R. Co., 2 Cir., 250 F. 24; State v. Langer, 64 N.D. 744, 256 N.W. 194; 4 C.J.S., Appeal and Error, § 216(c); The Velma L. Hamlin, 4 Cir., 40 F.2d 852; Armstrong v. Lone Star Refining Co., 9 Cir., 20 F.2d 625; McFarland v. Hurley, 5 Cir., 286 F. 365.