DREW, E. HARRIS, Associate Judge.
This litigation was commenced by filing a petition in the Circuit Court of Dade •County entitled “In re: Petition for Involuntary Dissolution of: Fredcris, Incorporated, a Florida corporation” by William Katz and Gladys Katz, stockholders and directors, seeking the dissolution of the corporation under the authority of Sections 608.28 and 608.29, Florida Statutes 1955, F.S.A. Upon filing of the petition the chancellor issued a rule to show cause to Allen and Sally Frankel, the remaining stockholders and directors, requiring them to appear before him ten days thereafter at a designated place and hour to show cause, if any they had, why the petition should not be granted. The petition and a copy of the rule were served on Allen and Sally Frankel and, on the appointed day, a hearing was had before the chancellor. At this hearing Mrs. Frankel, the appellant in this appeal, appeared through her attorney. When the court inquired of Mrs. Frankel’s attorney as to whom he represented he informed the court but said that he was there as a spectator at the request of the senior member of his firm, did not consent to the hearing and asserted that the court was without jurisdiction to proceed. From the exchange of remarks between the chancellor and the attorney, it is quite obvious that the chancellor, to say the least, was annoyed by the attitude of the attorney and at one point threatened him with a contempt citation. Nevertheless, the following day the chancellor entered what was designated a “Final Decree of Dissolution” in which the corporation was dissolved and a receiver appointed to wind up its affairs. It is from this decree that this appeal is prosecuted, the notice of appeal having been filed by Sally Frankel on April 24, 1957.
 Substantial questions of whether the foregoing statutes were complied with and of procedural due process are raised and argued by the appellant. It is urged that the statute contemplates a chancery proceeding in the traditional manner with plaintiff and defendant, the service of the complaint and process and an opportunity to file answers or other pleadings as contemplated by the rules of practice governing chancery actions. It is also argued that the petitioners failed to state facts entitling *51 them to relief under the statute. These questions are substantial ones but subsequent developments in the litigation preclude the appellant from now asserting the invalidity of the final decree of dissolution, under the firmly established and fundamental principle that one may not seek review of a judgment entered with his consent nor under which he has accepted benefits. 2 Fla.Jur., para. 12, p. 309; Capital Finance Corporation v. Oliver, 116 Fla. 790, 156 So. 736.
On April 19, 1957 following the entry of the final decree of dissolution and before the notice of appeal was filed, an order was entered by the chancellor concerning the disposition of certain indebtednesses of the corporation and other incidental matters but primarily concerned with the proposed sale of a lease owned by the corporation on a store on Miracle Mile in Coral Gables. The order recited that there was present before the court the receiver theretofore appointed and his attorney, all of the stockholders of the corporation in person or represented by counsel and one Stephen Hessen, representing the lessor. According to the order “it was stipulated and agreed by the officers and stockholders of said corporation” that certain sums of money advanced by Allen Frankel were monies expended on behalf of the corporation and represented the balance of a loan contracted to be made to the corporation by Sally Frankel in the stockholders’ agreement. The order further recited, “It was stipulated and agreed before the court by all present” that in the interest of conserving the assets of the corporation, the lease aforesaid be sold on April 26, at'l :00 p. m.; the terms and conditions of the sale and a provision for publication of notice thereof were fixed and prescribed. The sale was duly held and the lease was sold and assigned to the purchaser. The validity of this order is dependent upon the validity of the original decree of dissolution, therefore the consent of Sally Frankel to its entry and her acceptance of the recited benefits thereunder precluded her from now questioning the validity of the original final decree of dissolution although at its inception it may have been erroneously entered.
Plain logic and common sense would require this result. Were we — at Sally Frankel’s instance — to now proceed to delve into the question of the validity of the original decree and conclude that it was invalid, such conclusion would necessarily invalidate everything that occurred subsequent thereto, including the order above which was consented to by Sally Frankel and under which she received benefits.
There is some suggestion in the record that the recitals in the order of the 19th of April were not correct, but we think this contention must be resolved against the appellant in its material and germane aspects because a motion made to correct such order filed May 6, 1957 by appellant’s attorneys clearly stated that they were present at the hearing of April 19 and participated therein. This motion sought to have the chancellor amend his order of April 19 to correctly reflect what he says was the position of the appellant at that hearing. As we read the motions, however, we conclude that the attorneys for Mrs. Frankel did not question the fact that they had consented to the sale of the lease and to the provision of the oi'der with reference to the payment of certain indebt-ednesses due by Mrs. Frankel to the corporation, but their quarrel was with reference to details concerning certain outstanding obligations and liabilities of the corporation.
We must, therefore, and do conclude that by the acts of the appellant subsequent to the rendition of the final decree of dissolution above related she is prevented now from questioning the validity of such decree.
Appeal dismissed.
CARROLL, CHAS., C. J., and HORTON, J., concur.