PER CURIAM.
Defendant takes this appeal from a final decree entered upon plaintiff’s complaint for dissolution of a partnership between plaintiff and defendant and appointment of a receiver. Upon hearing and stipulation of the parties, the chancellor entered the following order:
“The above entitled cause came on to be heard on March 9, 1962, after due notice, upon the plaintiff’s application for appointment of receiver and for other relief. The parties and their counsel discussed settlement upon the subject matter of this cause, in the presence of the Court, and reached agreement whereby defendant will purchase the plaintiff’s entire interest in the business, which is the subject matter of this suit, and is otherwise identified as AAA COIN LAUNDRY, 1046 Alton Road, Miami Beach, Florida, at a price to be hereafter fixed and determined by this Court, at such time as the Court shall receive the written audits of the accountants of each party, and shall hear such testimony as the parties may offer at final hearing. The terms and conditions of that stipulation and agreement more fully appear in the minutes of the court reporter who attended said March 9, 1962 hearing, and of which notes this Court has directed a transcript to be made. Said stipulation and agreement contains a provision for the immediate deposit in escrow by the defendant of a sum of money equal to the plaintiff’s entire capital contribution to the busi-iness herein. Thereupon, this Court being duly advised, it is upon consideration, ORDERED as follows:
“That ALAN ELLISON,, the defendant herein, shall forthwith purchase a cashier’s check of a bank in Dade County, Florida, payable to JOSEPH A. HACKNEY and ARTHUR J. KLINE, respectively, counsel of record for the plaintiff and defendant herein, in the amount of $10,-030.87, said attorneys or either of them, to hold said cashier’s check in safekeeping, pending a final determination by this Court of the amount of monies to be paid plaintiff by defendant for the plaintiff’s entire interest in said business, and to then or thereafter make such endorsement of - said cashier’s check as this Court shall direct.”
After the taking of testimony the chancellor entered a final decree in which he provided as follows:
“2. That the certain cashier’s check payable to Arthur J. Kline and Joseph A. Hackney in the amount of $10,-030.87, and now in possession of said Arthur J. Kline, shall be endorsed by said payees in favor of the plaintiff, FRANCES GOLDSTEIN, and delivered to said Plaintiff, and that the defendant, ALAN ELLISON, shall pay the plaintiff the additional sum of $1,-191.34, all within five (5) days next following July 31, 1962, and the plaintiff shall then forthwith convey to the defendant all her interest and ownership’ in and to the partnership business which is the subject matter of this cause; and further
“3. That upon failure of the defendant to pay to the plaintiff the monies set forth in paragraph numbered 2 above, within the time therein *204 provided, then the plaintiff, FRANCES GOLDSTEIN, shall pay to the defendant, ALAN ELLISON, the sum of $11,222.21, within the 5 day period next following thereafter, and the defendant shall then forthwith convey to said plaintiff all his interest and ownership in and to the said partnership business herein; and further
“4. Upon failure of either party to perform under the provisions of paragraphs numbered 2 and 3 above, then the entire partnership assets and business herein shall be sold by a receiver hereafter to be appointed by this Court, in the manner provided by law. # # íjí y>
The defendant-appellant accepted the decree to the extent of performing the conditions set forth in paragraph two of the final decree above quoted and received the transfer of plaintiff’s interest in the partnership. Thereafter, he entered his appeal from the final decree and assigned error upon his contention that the court’s determination of the value of the partnership was not supported by the evidence before the chancellor. The appellee has not raised the question as to appellant’s right to appeal from a decree under which he has accepted some benefit. Nevertheless, we note the question without deciding it. See Capital Finance Corp. v. Oliver, 116 Fla. 790, 156 So. 736; In re Fredcris, Inc., Fla. App.1958, 101 So.2d 49.
The main thrust of appellant’s argument is that the stipulation referred to in the order upon application for appointment of receiver required the chancellor to fix the value of plaintiff’s interest either at the book value of the assets of the partnership or at the value of plaintiff’s capital contribution. It is then urged that the amount set by the chancellor is more than the correct computation of the book value of the assets. Ail examination of the record reveals that the amount reached by the chancellor is supported by the testimony of plaintiff’s witness (an accountant) as to the book value of the partnership. Appellant objects to this figure on the basis that it failed to take into consideration depreciation of certain assets
We find that the chancellor was not limited by the stipulation to any particular method of determining book value, and his determination based upon the valuation established by plaintiff’s witness is therefore supported by the record.
Affirmed