297 So.2d 314 (1974)
Bert F. ERWIN, Appellant,
v.
Peggy J. Erwin BROOKS, Appellee.
No. 73-631.
District Court of Appeal of Florida, Second District.
June 21, 1974.
Rehearing Denied July 31, 1974.
*315 David J. Kurland, of Kurland & Johnson, Clearwater, for appellant.
Carleton L. Weidemeyer, of Wightman, Rowe, Weidemeyer, Jones & Turnbull, and George A. Routh, Clearwater, for appellee.
HOBSON, Acting Chief Judge.
Appellant seeks reversal of orders confirming sale and directing disbursements in a partition proceeding which would annul the judgment as a whole.
It appears from the clerk's certificate of disbursements in the record that $1,004.73 was disbursed to appellant as his portion of the net proceeds of the sale. There is nothing in the record to indicate that appellant has tendered this amount back to the clerk.
It is a well-settled rule in Florida that one may not accept a benefit under a judgment and then appeal from it when the effect of the appeal may be to annul the judgment as a whole. McMullen v. Ft. Pierce Financing Construction Co., 1933, 108 Fla. 492, 146 So. 567; Capital Finance Corporation v. Oliver, 1934, 116 Fla. 790, 156 So. 736; In re Fredcris, Incorporated, Fla.App.3rd 1958, 101 So.2d 49; Rayle v. Merrill, Fla.App.1st 1962, 141 So.2d 288; Cannon Sand & Rock, Inc. v. Maule Industries, Inc., Fla.App.3rd 1967, 203 So.2d 636. See also Anno. 169 ALR 985, 997; and 2 Fla.Jur., Appeals, § 12.
Appeal dismissed.
McNULTY and BOARDMAN, JJ., concur.