DOWNEY, Judge.
In October 1969, H & A Rentals, Inc., entered into an Agreement for Deed with appellant which provided for H & A Rentals, Inc., to convey certain real property in St. Lucie County to appellant for the sum of $11,000, payable $100 per month (plus interest). Appellant entered into possession pursuant to said agreement and subsequently the property was conveyed to the appellees.
Appellant made the monthly payments until approximately February 1971. In October 1971, appellees brought suit to foreclose the Agreement for Deed alleging that appellant was in default more than six months in the payment of installments due on the purchase price and for unpaid taxes and insurance. Appellant filed an answer, an affirmative defense, and a counterclaim. Essentially, the affirmative defense and counterclaim alleged appellees were guilty of false representations in that they had warranted to appellant that they would sell the land and building thereon free of encumbrances, but that as a matter of fact a sidewalk and an outside stairway on the building encroached upon neighboring property; that litigation had ensued involving appellant; and that appellees had not rectified the situation. Appellant sought (a) compensatory damages for improvements she had made and for loss of *538 rentals as a result of the aforesaid encroachment and (b) punitive damages for the purported misrepresentations.
After much skirmishing, as indicated by the trial judge, the case was tried by the court. At the conclusion of the trial the court found appellant was in default and that appellees were entitled to a decree of foreclosure. However, in an effort to try to resolve the differences between the parties in an equitable fashion the trial judge offered appellant the following choice. If appellant would pay the past due taxes and the past due installments and dismiss her counterclaim, the court would reinstate the Agreement for Deed. If she would not make the payments and dismiss her counterclaim, the court would proceed with the foreclosure. An order of May 14, 1973, states that after consultation with appellant her attorney announced to the court that appellant would accept reinstatement of the contract and dismiss the counterclaim. The order also (a) directed that the contract be reinstated, (b) adjudicated the amount due thereunder, (c) specified the time when payments should be commenced, (d) dismissed the counterclaim, (e) and provided that if appellant defaulted again the court would enter a final judgment of foreclosure upon notice and proof of such default.
Appellant remained in possession under the foregoing order of reinstatement and paid the monies due for a period of approximately nine months, when she again defaulted. After appellant had been in default for several months, appellees filed a petition asking the court to proceed with the foreclosure pursuant to its previous order. After notice to appellant, the court took testimony and then entered the final judgment of foreclosure dated October 24, 1974.
Appellant poses three points for our consideration on this appeal. The first two points, in sum, assert that appellees Adams and Hoke did not have good title to the property in question (since H & A Rentals, Inc., [appellees’ grantor], was a dissolved corporation when it was named as grantee in a conveyance of the property) and therefore were not entitled to a final judgment of foreclosure because they were not ready, willing, and able to perform the contract. The third point charges the trial court with error in requiring appellant to dismiss her counterclaim as a condition of the interlocutory order of May 14, 1973.
We would dispose of appellant’s third point by pointing out that after a trial on the merits the trial judge sought to resolve the issues on what he considered to be an equitable basis. He gave appellant the election to stand her ground and proceed with the case or to have the contract reinstated on condition she make the delinquent payments and dismiss her counterclaim. After consultation with her lawyer appellant elected to have the contract reinstated. Having consented to the entry of the order and having accepted its benefits, knowing all the facts and circumstances, appellant may not now question its validity. See, e. g., In re Fredcris, Incorporated, Fla.App.1958, 101 So.2d 49.
As to appellant’s first and second points we note that appellant’s affirmative defenses and counterclaim (the pleadings which, together with appellees’ complaint, created the issues to be tried at the first trial of this matter) are based upon appel-lees’ allegedly fraudulent representation of their title as demonstrated by the encroachment problem. The matter went to trial and at the conclusion appellant elected to reinstate the contract. Later she defaulted again and the foreclosure decree was entered. We have no way of knowing how the trial judge arrived at the conclusion appellees were entitled to a judgment of foreclosure on May 14, 1973, or on October 24, 1974. Those decisions were based upon hearings at which testimony was taken, and appellant has failed to include transcripts of those proceedings in the record *539 on appeal. Such failure constitutes grounds for affirmance. See e. g., Davis v. Fountain, Fla.App.1973, 284 So.2d 471.
For the foregoing reasons we affirm the order and judgment under review.
Affirmed.
MAGER, J., and BERANEK, JOHN R„ Associate Judge, concur.