405 So.2d 1046 (1981)
Peter L. NILES, Appellant,
v.
The COUNTY OF VOLUSIA, a Political Subdivision of the State of Florida, Appellee.
Velta A. BULTA and Richard F. Morgan and Jean W. Morgan, His Wife, Appellants,
v.
The COUNTY OF VOLUSIA, a Political Subdivision of the State of Florida, Appellee.
Nos. 81-1064, 81-1102.
District Court of Appeal of Florida, Fifth District.
November 11, 1981.
On Motion to Dismiss December 16, 1981.
*1047 William L. Coalson of Greene & Greene, P.A., Jacksonville, for appellant Niles.
Charles Tindell, P.A. of Daytona Beach, for appellants Bulta and Morgan.
David A. Monaco of Cobb & Cole, P.A., Daytona Beach, for appellee.
On Motion to Correct Order.
FRANK D. UPCHURCH, Jr., Judge.

ON MOTION TO DISMISS
Appellee Volusia County has moved to dismiss the appeals of Peter L. Niles and Velta A. Bulta, Richard F. Morgan and Jean W. Morgan, which have been consolidated for review. These cases arose from condemnation suits to take lands of appellants for use in the construction of a civic center. The order appealed is the "Order of Taking" entered July 29, 1981. Sums representing the "good faith" estimates of value were deposited into the registry of the court as required by the order of taking. These sums were withdrawn by appellants.
Volusia County contends that the cases should be dismissed because appellants withdrew the deposits from the court's registry. Its argument is based on the general rule that one may not accept the benefits under a judgment and then appeal from it when the effect of the appeal would be to amend the judgment as a whole. See, e.g., Erwin v. Brooks, 297 So.2d 314 (Fla.2d DCA 1974); State Road Dept. v. Hartsfield, 216 So.2d 61 (Fla. 1st DCA 1968). The County also refers to section 73.131, Florida Statutes (1979), which provides that if a condemnee appeals the final judgment, withdrawal of the amount due him results in an automatic dismissal of the appeal. While acknowledging that Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) treats the order of taking as a non-final order, the County argues that the order of taking possesses all the attributes of a final order, see Spafford v. Brevard County, 92 Fla. 617, 110 So. 451 (1926), and hence should be treated as a final order or judgment for purposes of the "acceptance of benefits" rule.
Appellants argue that the order of taking is clearly a non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) and hence the "acceptance of benefits" rule does not apply. Appellants also direct us to several cases in which appeals were taken after the landowners had withdrawn the good faith estimate of value. See Hatch v. Minot, 369 So.2d 974 (Fla. 2d DCA 1979); Griffin v. City of Jacksonville, 299 So.2d 90 (Fla. 1st DCA 1974).
The order of taking in the present case is a non-final order. Florida Rule of Appellate Procedure 9.130(a)(3) provides that review of non-final orders of lower tribunals is limited to those which: "(C) determine: (ii) right to immediate possession of property." The 1977 Advisory Committee and Court's Commentary to the foregoing rule states:
Item (C)(ii) is intended to apply whether the property involved is real or personal. It applies to such cases as condemnation suits where a condemnor is permitted to take possession and title to real property in advance of final judgment.
The order of taking here recites that Volusia County is entitled to take possession of and fee simple title to the properties involved and hence falls within the purview of Rule 9.130(a)(3)(C)(ii). See also Cement Products Corp. v. Division of Admin., etc., 363 So.2d 866 (Fla. 2d DCA 1978) (an order of taking entered in an eminent domain proceeding pursuant to chapter 74 is not final but rather interlocutory in nature).
The cases cited by Volusia County reflect that the "acceptance of benefits" rule applies only to a final adjudication on the merits. See Erwin v. Brooks, 297 So.2d 314 (Fla. 2d DCA 1974) (judgment in a partition proceeding); State Road Dept. v. Hartsfield, 216 So.2d 61 (Fla. 1st DCA 1968) (judgment in eminent domain proceedings). Likewise, the "acceptance of benefits" provision of chapter 73 ("Slow-Take" Proceedings) provides in part as follows:

*1048 If, at any time after entry of the judgment, a defendant shall take out of the court the amount due him, any pending appeal taken by him shall be dismissed by the appellate court upon the filing of a certificate by the clerk of the circuit court stating that the defendant taking the appeal has withdrawn the amount due him. (Emphasis added)
§ 73.131, Fla. Stat. (1979).
As was noted above, chapter 73 proceedings are commonly referred to as "slow-take" proceedings. Chapter 74 proceedings are commonly referred to as "quick-takings" because certain entities are permitted to take possession and title to property before entry of the final judgment. See § 74.021, Fla. Stat. (1979). Chapter 74 does not contain an automatic dismissal provision comparable to the one found in chapter 73. The County has cited no authority for the proposition that the Legislature intended to broaden the scope of the automatic dismissal provision in chapter 73 to include the withdrawal of the good faith estimate prior to entry of final judgment. In fact, the omission of such a provision in chapter 74 supports the position that the "acceptance of benefits" rule in eminent domain proceedings was intended to apply only after entry of final judgment.[1]
Therefore, Volusia County's motion to dismiss is denied.
DAUKSCH, C.J., and COWART, J., concur.

ON MOTION TO CORRECT ORDER ON MOTION TO DISMISS
FRANK D. UPCHURCH, Jr., Judge.
Velta Bulta and Richard and Jean Morgan have petitioned this court to correct an error contained in the opinion issued November 11, 1981. The statement that Volusia County moved to dismiss the appeals of Peter Niles and Velta Bulta, Richard Morgan and Jean Morgan is incorrect. Volusia County moved to dismiss the appeal of Peter Niles but did not move to dismiss the appeal of Velta Bulta and the Morgans. Our opinion also incorrectly reflects that Velta Bulta and the Morgans withdrew the good faith estimate of value deposited into the court's registry by Volusia County. The opinion of November 11, 1981, is hereby amended to reflect these corrections.
DAUKSCH, C.J. and COWART, J., concur.
NOTES
[1] This is also the conclusion reached in the Florida Eminent Domain Practice and Procedure Manual (3rd ed. 1977). Section 5.12 entitled "Withdrawal of Good Faith Estimate" reads in part:

It is important to note that a withdrawal of the fair estimate before entry of the final judgment is not a waiver of the right to contest the taking. Withdrawal after the final judgment does constitute a waiver, however.