NESBITT, Judge.
Pursuant to an order of removal, the personal representative of the estate of Ak-ers, William Logan, was given fifteen days to file a full, final, and correct account of his administration and to deliver to the successor personal representative, Jenny Akers Scheffler, all of the property of the decedent as well as all records, documents, papers, and other property concerning the estate. When Logan failed to comply, the court issued an order to show cause why he should not be held in contempt. Logan failed to appear at the appointed time and failed to present any defenses to the order to show cause. Consequently, an adjudication of contempt was entered which ordered Logan imprisoned indefinitely until he complied with the previous order of court requiring that he file an accounting and return the records of the estate. In order to be released from jail earlier, Logan was given the option of posting a $100,000 bond to be deposited in the trust account of the attorney for the new personal representative payable to the representative, said amount to be forfeited in the event that Logan failed to comply with the previous court orders within fifteen days of the posting of the bond.
Although Logan gained his release from jail by posting the bond on January 29, 1982, he failed to provide the requisite accounting and books within the fifteen days required by the order of contempt. On February 11, he filed a notice of appeal of the contempt order[1] (Case No. 82-286) and applied to the circuit court for a stay pending review, representing to the court that the accounting would soon be completed. Based on this, the trial judge withheld ruling on the stay. Two weeks passed and the promised action was not taken. A hearing was held on the new personal representative’s petition for an order to recommit Logan. Such an order was entered and he was recommitted to the county jail. At that point, the trial judge denied Logan’s motion for stay, nunc pro tunc.
Logan then filed a petition for writ of habeas corpus which we treated as a notice of appeal from the order of recommitment and as a petition to review the order denying the stay of bond (Case No. 82-660). This court heard oral argument on the petition for review and ordered that a superse-deas bond be set to stay the effect of the order of recommitment. The bond amount was subsequently lowered but was never posted. The appellant eventually purged himself of the contempt and was released from jail. The cases have been consolidated for appellate purposes.
Several of the issues initially raised by the appellant pertain to his incarceration. These have been rendered moot by Logan’s release from jail. Consequently, the only issue with which we are concerned is the validity of the bond forfeiture.
While the parties have propounded numerous arguments on this point, we find that there is an initial question with which *668 we are confronted. This question is whether Logan may now challenge the validity of a condition of his release. It is a well settled principle that one who has accepted the benefit of a judgment or decree is precluded from later challenging its terms. McMullen v. Fort Pierce Financing & Construction Co., 108 Fla. 492, 146 So. 567 (1933); Erwin v. Brooks, 297 So.2d 314 (Fla. 2d DCA 1974); Brown v. Epstein, 208 So.2d 836 (Fla. 4th DCA 1968); In re Fredcris, Inc., 101 So.2d 49 (Fla. 3d DCA), cert. denied, 104 So.2d 594 (Fla.1958).
This rule has been applied to facts similar to the present ones in Krauss v. Krauss, 74 N.J.Eq. 417, 70 A. 305 (1908). In that case, the court ordered that the defendant could be purged of contempt and released from jail upon the performance of several conditions. When he complied with these terms, the contemner was discharged but challenged the conditions of his release by appeal. The court considered when an appeal of these issues was precluded stating:
It is a settled rule that, where a party recovers a judgment or decree and accepts the benefits thereof voluntarily and knowing the facts, he is estopped to af-terwards reverse the judgment or decree on error. The acceptance operates as, and may be pleaded as, a release of error. 2 Cy.Pl. & Pr. 174, 175; 2 Cyc. 651; Elliott on Appellate Proceedings, § 162. The language of the text in these books of authority is sustained by a great array of cases. From this rule springs the difference between the position of a party who pays a judgment against him and a party who accepts the payment of a sum awarded to him by the judgment. The former has his right of appeal because he receives no benefit from the judgment, while he who accepts the fruits of the judgment is estopped from appealing. Elliott, App.Pro. § 152. From this rule, that when he accepts the benefit awarded to him by the judgment or decree, flows the corollary that where the award of a benefit is coupled with the imposition of conditions to be performed by the person benefited, and he accepts the benefits, he is precluded from afterward challenging the validity of the conditions by an appeal. The rule is stated in the text of 2 Cyc. 645, in this language: “If a trial court imposes terms as a condition upon which a continuance or amendment will be allowed or upon which an order will be granted, or other thing will be done or not done, and the party upon which the terms are imposed accepts them, he will be deemed to have acquiesced in the ruling, and cannot afterward question its validity in the appellate courts.” A party cannot avail himself of that portion of the decree which is favorable to him and secure its fruits, while prosecuting an appeal to reverse such portion as mitigates against him. Moore v. Williams, 29 Ill.App. 597.
Krauss, 70 A. at 306. Finally, it concluded that the defendant, having accepted the benefit of the order purging him of contempt, could not attack the conditions imposed by an appeal to a superior court.
We reach the same result in the present case. The order of contempt specifically gave Logan the option of being released from jail by posting a bond. The return of the $100,000 was expressly conditioned upon his compliance with the previous court order. Once Logan accepted the benefit of the order by posting the bond and being discharged, he was bound by its terms.[2]
Based on the foregoing, we affirm.

. On February 25, 1982, Logan filed a notice of appeal (Case No. 82-418) of a nonfinal order challenging the same contempt order which was the subject of his February 11, 1982 appeal.

. Had Logan wanted to be released from jail and avoid the forfeiture, he had two options. First, he could have filed the accounting and delivered the requisite papers within fifteen days, in accordance with the court order. Second, he could have remained in jail awaiting the outcome of his application for stay pending review in this court and, upon the posting of a supersedeas bond, been freed from jail.