606 So.2d 1258 (1992)
BARNETT BANK OF MARTIN COUNTY, N.A., Barnett Banks, Inc., and Barnett Bank of South Florida, N.A., Petitioners,
v.
RGA DEVELOPMENT COMPANY, Saul R. Spector, Marianne Spector and Anthony Carpentier, Respondents.
No. 92-1975.
District Court of Appeal of Florida, Fourth District.
October 28, 1992.
*1259 Gary M. Carman and Gayle E. Miller of Baker & McKenzie, Miami, for petitioners.
Benjamin M. Esco of Gaebe, Murphy, Mullen & Antonelli, Coral Gables, for respondents/RGA and Carpentier.
Gregory C. Picken, West Palm Beach, for respondents/Spectors.
PER CURIAM.
This petition arises from four consolidated cases in Martin County Circuit Court that involve certain loan transactions between petitioner Barnett Bank of Martin County, N.A., as lender, and SRS Equity Inc. and RGA Development Company or Saul R. Spector, respondents, as borrowers. Saul R. Spector, Marianne Spector and Anthony P. Carpentier are alleged to be guarantors of the subject loans. The cases having been consolidated for discovery purposes, the trial court appointed a special master to hear numerous discovery issues that arose. The special master issued a first report and recommendations on several pending items, including a motion for protective order filed by petitioners Barnett Bank of Martin County, N.A., and Barnett Bank of South Florida, N.A., on or about May 1, 1992.
In the motion for protective order, petitioners Barnett Bank of Martin County, N.A., and Barnett Bank of South Florida, N.A., stated that on April 27, 1992, counsel for respondent Saul Spector had noticed some thirty-eight depositions, which petitioners alleged were noticed solely because the persons listed were, or are, members of certain committees or hold a directorship of Barnett Bank of South Florida, N.A., or Barnett Bank of Martin County, N.A., or have only been involved in the case since the institution of the litigation. Petitioners argued in this motion that it was evident from the nature of the short time scheduled for these depositions (one-half hour for most, one hour for some) that the sole purpose for the depositions was harassment and annoyance. The special master completed his first report and recommendations, which he served by mail on May 29, 1992. On June 3, 1992, the trial court rendered its order on the special master's first report and recommendations. Said order is the subject of the instant petition for writ of common law certiorari.
Florida Rule of Civil Procedure 1.490(h) provides that a party may serve exceptions to a master's report within ten days from its service upon a party. It is reversible error to enter an order on a master's report within said time without consideration of timely filed exceptions. See Kay v. Kay, 430 So.2d 532 (Fla. 4th DCA 1983). See also Elliott v. Elliott, 478 So.2d 509 (Fla. 4th DCA 1985); Wyman v. Wyman, 430 So.2d 610 (Fla. 4th DCA 1983); Berk v. Berk, 423 So.2d 1018 (Fla. 4th DCA 1982). Nevertheless, the order under review was entered upon a master's report within the ten day period without ruling on timely filed exceptions.
Respondents do not disagree with the foregoing; however, they contend that the doctrine of acceptance of benefits precludes petitioners from relying upon rule 1.490. We agree with the Fifth District Court of Appeal in Niles v. County of Volusia, 405 So.2d 1046 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 471 (Fla. 1982), that the doctrine applies only to final adjudications on the merits, which renders the doctrine inapplicable here. Accordingly, we deny the motions to dismiss the petition for writ of certiorari.
We grant the petition for writ of certiorari and quash the order under review and remand the cause with directions to reconsider the petitioners' application for protective order.
DOWNEY, and HERSEY, JJ., concur.
POLEN, J., concurs in part and dissents in part, with opinion.
*1260 POLEN, Judge, concurring in part and dissenting in part.
I write separately to note one point of disagreement with the majority's opinion, and to address another matter not discussed. I agree wholeheartedly with the result reached granting the petition.
In reaching the decision to grant certiorari, the majority relies in part on Niles v. County of Volusia, 405 So.2d 1046 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 471 (Fla. 1982), for the proposition that respondents' "acceptance of the benefits" theory is inapplicable because that doctrine applies only to final judgments. While I agree "acceptance of the benefits" is inapplicable to this case, I believe there are some instances where it would apply to other than a final judgment on the merits. See Logan v. Scheffler, 441 So.2d 666 (Fla. 3d DCA 1983).
Secondly, I write to address a matter that arose following the issuance of our order to show cause in this case. Petitioners filed a motion to relinquish jurisdiction to the trial court to consider vacating the order that was the subject of this petition. Apparently petitioners believed the trial court was inclined to so rule. Our denial of the motion, in my view, was not to prolong this matter or to create more work for counsel and this court. Rather, it was because such motion and relinquishment were unnecessary. Florida Rule of Appellate Procedure 9.600(b) speaks in terms of jurisdiction being divested from the trial court by an appeal from a final order. I do not believe this applies to interlocutory appeals or petitions directed to nonfinal orders. The trial court could have vacated the subject order in this case without the necessity of an order of relinquishment.