GERBER, J.
 

 Hilb Rogal & Hobbs of Florida, Inc. (“HRH”) appeals the circuit court’s approval of a magistrate’s report because the court did not hold a hearing on HRH’s timely-filed exceptions to the report. Ap-pellees, Mark Grimmel and Egis Insurance Advisors, LLC, agree that the circuit court erred in not holding a hearing. We concur and reverse.
 

 HRH filed a complaint for injunctive relief and damages against its former employee, Grimmel, and his newly-created company, Egis. In sum, the complaint alleges that Grimmel violated a non-piracy covenant in his employment agreement with HRH by misappropriating business from HRH to Egis: HRH obtained an ex parte order granting a temporary injunction against Grimmel and Egis, who then moved to dissolve the injunction. Upon the parties’ consent, the circuit court referred the evidentiary hearing on the motion to dissolve to a magistrate pursuant to Florida Rule of Civil Procedure 1.490.
 

 Following the evidentiary hearing, the magistrate issued a report recommending that the circuit court dissolve the injunc
 
 *168
 
 tion. HRH timely filed exceptions to the report, and included a request for a hearing before the circuit court on the exceptions. The same day that HRS filed its exceptions, however, the circuit court issued an order stating, in pertinent pai*t:
 

 1. That the Report of the General Magistrate dated February 13, 2009 is hereby ratified and approved in all respects,
 
 subject only to timely filed exceptions.
 

 2. That the parties are directed to comply with all items as contained in paragraph B(l-2) of said Report of General Magistrate and Notice of Filing and Certificate of Service and the Court hereby adopts each and every recommendation contained therein as this Court’s order.
 

 3. The Court retains jurisdiction to enforce this Order.
 

 (emphasis added).
 

 HRH appeals from this order because the circuit court approved the magistrate’s report without holding a hearing pursuant to rule 1.490(h), which provides, in pertinent part, “If exceptions are filed, they shall be heard on reasonable notice by either party.”
 

 It is not wholly clear that the circuit court intended to proceed without hearing any exceptions, because the court stated that its approval of the magistrate’s report was “subject only to timely filed exceptions.” Perhaps HRH’s better courses of action, instead of filing this appeal, would have been to set a hearing on its exceptions with the circuit court, or at least file a motion for rehearing to clarify whether the circuit court recognized the requirement for a hearing on the exceptions.
 

 In any event, because a reasonable interpretation of paragraphs 2 and 3 of the circuit court’s order suggests that the court intended its order to be final, we shall not dismiss this case for lack of jurisdiction. Instead, pursuant to the appel-lees’ confession of error, we reverse and remand for the circuit court to conduct a hearing on HRH’s exceptions pursuant to rule 1.490(h).
 
 See Barnett Bank of Martin County, N.A. v. RGA Dev. Co.,
 
 606 So.2d 1258, 1259 (Fla. 4th DCA 1992) (“It is reversible error to enter an order on a master’s report ... without consideration of timely filed exceptions.”).
 

 Although HRH also asked us to comment upon the merits of the magistrate’s order, the first review of HRH’s exceptions properly belongs to the circuit court.
 

 Reversed, and remanded.
 

 GROSS, C.J., and DAMOORGIAN, J., concur.