277 So.2d 544 (1973)
A. Norman GRAHN and Helen Grahn, Appellants,
v.
DADE HOME SERVICES, INC., Appellee.
No. 72-1121.
District Court of Appeal of Florida, Third District.
May 15, 1973.
*545 Basil E. Dalack, Miami, for appellants.
Lyons Canner & Smith, P.A., Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The appellants, who were the plaintiffs below, seek reversal of a default judgment entered against them in the civil court of record of Dade County, dismissing their complaint and granting judgment against them in a certain amount on the defendant's counterclaim.
It appears that the plaintiffs failed to answer certain propounded interrogatories, and to appear for a discovery deposition pursuant to a notice therefor. When, by reason thereof, the defendant-counterclaimant applied for a default judgment, the court entered an order allowing the plaintiffs ten days within which to answer the interrogatories and within which to present themselves at the office of the defendant's attorney "for the purpose of having their depositions taken." In the order it was provided that failure of the plaintiffs to comply therewith would result in dismissal of their complaint and entry of default judgment against them on the defendant's counterclaim. When plaintiffs failed to comply therewith the judgment appealed from was entered without further notice.
The record shows a handwritten letter to the judge from one of the plaintiffs, Mrs. A.N. Grahn, bearing the case number, written one day after the date of the order above referred to. In that letter the plaintiff apologized for not having appeared in court at some prior hearing in response to a notice thereof, explaining that their attorney had worked out a settlement for a certain amount, but that the settlement had not been completed because their attorney had left the city, notifying them he had turned the papers over to another attorney, with whom they were not acquainted. She stated that attorney had called and suggested that she telephone the attorney for the defendant and seek settlement, but had suggested settlement for an amount which was too large. After some further discussion of the matter in the letter, the writer stated: "Your Honor, please help me!"
The initial attorney for the plaintiffs, upon leaving the city and abandoning the case, did not file a withdrawal of counsel, and the lawyer to whom he had delivered the papers did not file an appearance therein. Therefore, during the ten-day period provided for in the above mentioned order, and later when the default judgment was entered, it was revealed on the record through plaintiff's letter to the judge that *546 the plaintiffs were without effective counsel.
The order allowing the plaintiffs ten days to respond to interrogatories and to present themselves for deposition contained no provision with reference to the service thereof upon the plaintiffs or their counsel. Rule 1.080(a) FRCP, 30 F.S.A., provides: "Unless the court otherwise orders, every pleading subsequent to the initial pleading and every order or judgment not entered in open court and every other paper filed in the action except applications for witness subpoena shall be served on each party." [Italics supplied.] The order involved here was entered ex parte, at the instance of the defendant. Rule 1.080(f) FRCP sets out a suggested form for use by an attorney for a party in certifying that a copy of a paper, required to be served on another party or his counsel, has been furnished thereto (by delivery or by mail), and provides that such a certificate when made "shall be taken as prima facie proof of said service in compliance with these rules." In the record of this case there is no certificate of service of a copy of the above order on the plaintiffs; nor is there any other showing in the record that service thereof was made on the plaintiffs.
The appellants contend that the default judgment should be reversed and set aside because their failure to respond thereto was inadvertent due to the fact that they had no notice thereof. Such a contention for relief from the judgment more properly should have been made to the trial court by timely application under Rule 1.540(b) FRCP. However, upon application for such relief made to this court by the appeal, where the record fails to show service of notice upon the plaintiffs of the above mentioned order, which was of such character that service or notice was vital, we are impelled to conclude that the interests of justice would best be served by reversal of the judgment and remand of the cause with direction that the plaintiffs be allowed a further reasonable time within which to comply with the requirement to answer the interrogatories and appear for deposition.
The judgment is reversed, and the cause is remanded for further proceedings.