386 So.2d 67 (1980)
Willie Lee SCOTT and Industrial Fire & Casualty Insurance Company, Appellants,
v.
Cecil Taylor JOHNSON and Patricia Johnson, Appellees.
No. 80-169.
District Court of Appeal of Florida, Third District.
July 29, 1980.
*68 Jeanne Heyward, Goodhart & Rosner, Miami, for appellants.
Charles J. Pasek, Miami, for appellees.
Before HUBBART, SCHWARTZ and DANIEL S. PEARSON, JJ.,
DANIEL S. PEARSON, Judge.
Scott and his insurer, Industrial Fire & Casualty Insurance Company, against whom defaults were entered, challenged an $8,500 judgment against them in a suit for unliquidated damages.
Scott and Industrial correctly contend that under Florida Rule of Civil Procedure 1.440(c),[1] they were entitled to notice of the trial in order that they might avail themselves of their right to defend on the issue of damages.[2]B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 *69 (Fla. 5th DCA 1980). The Johnsons say that the order setting the cause for trial shows that notice was given. That order contains a form certificate (presumably initialed by someone in the trial judge's office), which reads:
"It is hereby certified that a true copy of this Order was mailed to each attorney of record and party appearing without counsel on the above date."
We agree with the Johnsons that this certificate is prima facie proof that the notice of trial was mailed, cf. Florida Rule of Civil Procedure 1.080(f)[3]; that proof of mailing raises the presumption that the mail was received, Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla. 1973); Service Fire Insurance Company of New York v. Markey, 83 So.2d 855 (Fla. 1955); Milros-Sans Souci, Inc. v. Dade County, 296 So.2d 545 (Fla.3d DCA 1974); and that this presumption is not overcome by a denial, even though sworn, that the order was not received. Service Fire Insurance Company of New York v. Markey, supra; Milros-Sans Souci, Inc. v. Dade County, supra; Allstate Insurance Company v. Dougherty, 197 So.2d 563 (Fla.3d DCA 1967).
The correctness of these propositions does not, however, win the day for the Johnsons. While the certificate on the order constitutes proof of mailing, the question is: to whom was it mailed? The certificate says the order was mailed "to each attorney of record and party appearing without counsel." But there were no attorneys of record for Scott and Industrial, and neither of these defendants appeared without counsel. The Johnsons argue that the clear meaning of "party appearing without counsel" is a party named in the suit. We cannot agree that the meaning of that phrase is so clear, and we certainly cannot conclude that the certificate on its face constitutes convincing evidence that the order setting the trial was mailed to Scott and Industrial.
Accordingly, we remand the cause to the trial court to conduct an evidentiary hearing to determine whether its order setting the cause for trial was in fact mailed to Scott and Industrial. If after such hearing the trial court finds that the order was mailed to Scott and Industrial and that the presumption of receipt created by such mailing has not been overcome by sufficient and competent evidence, then its order denying the defendants' motion for new trial and motion to vacate final judgment shall remain unaffected.
Reversed and remanded.
NOTES
[1] "In law actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Rule 1.080(a)."
[2] Since the Johnsons recovered judgment pursuant to a jury verdict, the defendants cannot complain that they were deprived of their right to trial by jury. See Eastern Koex Co., Ltd. v. Bonanza Import & Export, Inc., 360 So.2d 153 (Fla.3d DCA 1978).
[3] This rule, by its express terms, applies to certificates made by attorneys. Where the certificate is made by the court, a fortiori, it constitutes prima facie proof of mailing. Compare Grahn v. Dade Home Services, Inc., 277 So.2d 544 (Fla.3d DCA 1973). See also Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla. 1973) (proof of general office practice satisfies the general requirement of showing due mailing).