423 So.2d 1018 (1982)
Seena Tonkin BERK, Appellant,
v.
Herbert BERK, Appellee.
No. 82-284.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
*1019 Richard A. Goetz of Hodgson, Russ, Andrews, Woods & Goodyear, Fort Lauderdale, for appellant.
Eric J. Bergknoff, Hallandale, for appellee.
PER CURIAM.
Seena Berk appeals an order of the trial court which denied her claim for attorney fees incurred in enforcing the terms of a property settlement agreement. We reverse.
The final judgment of dissolution of marriage incorporated a marital settlement agreement which provided:
7. Each party shall pay their own attorneys' fee for the preparation and negotiation of this Agreement. However, should a dispute arise concerning this Agreement, the prevailing party shall be entitled to a reasonable attorney fee.
A dispute arose when appellee refused to honor a provision of the agreement which required him to pay several medical bills incurred by appellant. The trial court referred appellant's motion to enforce the final judgment by contempt to a master. The master found appellee responsible for the medical bills and found appellant entitled to appropriate relief other than contempt. The trial court ratified and approved the master's recommendations for enforcement of the terms of the marital settlement agreement.
However, for some unexplained reason, the master also found that neither party was a prevailing party as contemplated by the agreement, and recommended that the parties pay their own attorney fees. The trial court adopted the recommendation of the master.
It is difficult to imagine a more clear cut example of a prevailing party in a contract dispute. The master's finding is clearly erroneous and must be reversed.
We recognize that the proceedings before the general master may have established some cogent and legally cognizable reason to deny appellant's prayer for attorney fees. However, this is another in a series of cases in which masters and the trial court which they serve have declined to follow Rule 1.490(f):
The evidence shall be taken in writing by the master or by some other person under his authority in his presence and shall be filed with his report. .. . [Emphasis added.]
Fortunately for appellant, and unfortunately for appellee, the report of the general master demonstrates clear error, apparent from the face of the report. Such is not always the case. Master's proceedings contribute greatly to the administration of justice by providing expeditious resolutions of disputes, a task which is otherwise difficult in view of crowded court dockets. Nonetheless, all judicial proceedings must be capable of review. We fail to see how the interests of justice are served by a circuit court's failure to require a record, a duty affirmatively placed upon it by our Supreme Court, pursuant to the rule making power conferred by Article V, Section 2(a) of the Florida Constitution.
The order of the trial court is reversed, and the cause remanded for an evidentiary hearing to determine and award a reasonable attorney fee to appellant for the services of her counsel in the proceedings in the trial court and in this appeal.
REVERSED and REMANDED.
LETTS, C.J., and HERSEY and DELL, JJ., concur.