430 So.2d 532 (1983)
Ronald E. KAY, Appellant,
v.
Sharon R. KAY, Appellee.
No. 82-2562.
District Court of Appeal of Florida, Fourth District.
April 27, 1983.
S. Robert Zimmerman, Pompano Beach, and Edna L. Caruso, West Palm Beach, for appellant.
A. Matthew Miller of Miller & Schwartz, P.A., Hollywood, for appellee.
DOWNEY, Judge.
The husband has filed this non-final appeal to obtain reversal of a lower court order denying his objections to a general master's report awarding temporary relief in a dissolution of marriage case.
After a hearing on the wife's motion for temporary relief, the general master filed his report recommending that the husband pay temporary alimony, child support, and monthly mortgage and utility payments. The husband duly filed exceptions to the report, which were noticed for hearing before the court. Prior to the hearing the husband moved for a continuance because his counsel was confined in North Broward Hospital. The trial judge called counsel in the hospital to see if he could make his *533 argument on the telephone but counsel declined to do so. Thereupon, the court considered the exceptions without a hearing, based solely upon the evidence adduced before the master, and ruled in favor of the wife.
The husband contends the court erred a) in deciding his exceptions without a hearing, and b) in approving the awards recommended by the master.
Florida Rule of Civil Procedure 1.490(h)[1] provides for the filing of exceptions to a master's report and for a hearing on said exceptions. If exceptions are filed, they are to be heard[2] by the court on reasonable notice of either party. In many instances the court has discretion to consider a motion with or without a hearing; however, the rule in question wisely provides that exceptions to a master's report shall be heard by the court on notice by either party. One criticism often directed at the Master System arises by virtue of the resort to lesser functionaries who are not judges. Parties often feel they are entitled to be heard by the judge in the case rather than by an individual functioning in some subordinate role. Whether their fears and desires are really justified is beside the point. While the use of masters has a long tradition in our jurisprudence, it has always been tightly circumscribed and limited. In order to protect a party's right to be ultimately heard by the judge in the case, the framers of the Rules of Civil Procedure inserted the requirement that, if a party disagrees with a master's conclusions, the judge should hear the objections before ruling thereon. Consequently, we do not believe the inclusion of the hearing requirement in Rule 1.490(h) was inadvertent.[3] As this court indicated in Berk v. Berk, 423 So.2d 1018 (4th DCA, 1982), adherence to Rule 1.490 procedures is required. Just as in Berk, where the filing of a transcript of the master's hearing with the report was held to be mandatory, the hearing of exceptions by the court is mandatory. In view of the foregoing, we need not reach the husband's second point.
The order appealed from is reversed and the cause is remanded with directions to afford appellant a hearing on his exceptions to the master's report.
REVERSED AND REMANDED, with directions.
LETTS, C.J., and HURLEY, J., concur.
NOTES
[1] (h) Filing Report; Notice; Exceptions. The master shall file his report and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within the period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party.
[2] To be "heard" on one's exceptions means to appear before the judge and present one's argument in support of the exceptions.
[3] This requirement of a hearing on exceptions to a master's report has consistently remained in the rules of procedure since at least the 1931 Chancery Act. Feuer v. Feuer, 156 Fla. 117, 22 So.2d 641 (Fla. 1945).