430 So.2d 610 (1983)
Owen Lewis WYMAN, Appellant,
v.
Carole J. WYMAN, Appellee.
No. 82-2601.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
S. Robert Zimmerman, Pompano Beach, Stephan L. Cohen, Miami, and Edna L. Caruso, P.A., West Palm Beach, for appellant.
Cynthia L. Greene and Melvyn B. Frumkes, Miami, for appellee.
DOWNEY, Judge.
Appellant husband seeks review of a non-final order of the trial court confirming the report of a general master requiring the husband to pay previously ordered child support to the wife without benefit of an alleged setoff.
The trial court had ordered the husband to pay temporary alimony and child support to the wife. After making the required payments for several months, the husband deducted from one monthly payment the amount he spent on outfitting one of the children for clothes needed for boarding school and for his work as a congressional page. The master held a hearing and filed a report recommending that the husband be required to make the ordered payment *611 without any setoff. The husband timely filed exceptions to the master's report, accompanied by a partial transcript of the hearing before the master. Without holding a hearing the trial court entered an order confirming the master's report. A subsequent motion to vacate the order of confirmation was denied.
The husband presents several points on appeal, two of which we will consider. Firstly, the husband contends the reference to the master was erroneous. We reject that contention without even reaching the merits because it was not properly preserved. The husband made no appropriate objection to the reference at any time. Secondly, the husband is aggrieved by the order confirming the master's report entered without affording him a hearing. Florida Rule of Civil Procedure 1.490(h) provides:
(h) Filing Report; Notice; Exceptions. The master shall file his report and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within the period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party.
Thus, when a party files exceptions to a master's report the court must grant a hearing if it is requested. Although the trial judge stated in the record that she does not afford hearings on exceptions to master's reports, we have recently held a hearing to be mandatory if requested by either party. Kay v. Kay, 430 So.2d 532 (4th DCA 1983). Other portions of this rule have also been held to be mandatory. For example, in Berk v. Berk, 423 So.2d 1018 (4th DCA 1982), we held that the filing of a transcript of the evidence with the master's report pursuant to Florida Rule of Civil Procedure 1.490(f) was also mandatory. Although only a partial transcript of the evidence was filed with the master's report it must have been adequate to review the points presented because the trial court confirmed the report without comment. In any event, a hearing was required to consider appellant's exceptions as we held in Kay, supra.
For the foregoing reason, the order appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED, with directions.
LETTS, C.J., and BERANEK, J., concur.