466 So.2d 1219 (1985)
Linda J. BERKHEIMER, Petitioner,
v.
Edward R. BERKHEIMER, Respondent.
No. 85-45.
District Court of Appeal of Florida, Fourth District.
April 10, 1985.
*1220 G. Ware Cornell, Jr. of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for petitioner.
Joel L. Kirschbaum of Esler & Kirschbaum, P.A., Fort Lauderdale, for respondent.
HURLEY, Judge.
By petition for writ of certiorari we are asked to review an order denying the wife's motion to stay implementation of a master's report pending hearing on the wife's exceptions. We grant the writ and quash the order.
A general master's report, dated January 2, 1985, recommended: (1) that the husband have temporary custody of the parties' minor children; (2) that the husband and children have exclusive use and occupancy of the marital home; and (3) that the wife vacate the marital home by 5:00 p.m. on January 4, 1985. The wife moved to stay implementation of the master's recommendations until the trial court could hear her exceptions. The court denied the motion to stay and, as a temporary measure, adopted the master's recommendations. The wife subsequently filed timely exceptions to the master's report.
This court has consistently recognized the substantial contribution made by general masters. "Master's proceedings contribute greatly to the administration of justice by providing expeditious resolutions of disputes, a task which is otherwise difficult in view of crowded court dockets." Berk v. Berk, 423 So.2d 1018, 1019 (Fla. 4th DCA 1982). Yet, we have been quick to point out that "[w]hile the use of masters has a long tradition in our jurisprudence, it has always been tightly circumscribed and limited." Kay v. Kay, 430 So.2d 532, 533 (Fla. 4th DCA 1983).
The relevant limitations are contained in rule 1.490(h), Fla.R.Civ.P., which states:
The master shall file his report and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within the period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party.
Kay v. Kay, supra, stands for the proposition that the provisions of rule 1.490(h), Fla.R.Civ.P., are mandatory and exclusive. See also Wyman v. Wyman, 430 So.2d 610 (Fla. 4th DCA 1983). The rule was designed to safeguard the due process rights of the parties and, consequently, its provisions must be followed scrupulously. Thus, the parties are entitled to receive a copy of the master's report and may serve exceptions to the report within 10 days from the time it is served on them. The plain language of the rule, ["If no exceptions are filed within the period, the court shall take appropriate action on the report."] indicates that the trial court is not at liberty to act upon the master's report during the 10-day period. Moreover, if timely exceptions are filed, the court may not act on the report until the court has ruled on the exceptions. Thus, in Monyek v. Monyek, 453 So.2d 504 (Fla. 3d DCA 1984), the court reversed a final judgment which had been entered on a master's report prior to a hearing on timely filed exceptions. *1221 In the same vein, we hold that the court below was not free to adopt the master's recommendations, albeit as a temporary measure, without first conducting a hearing on the wife's exceptions. The rule's language is unambiguous and comprehensive; it does not provide an exception for temporary measures.
We recognize that the press of business has led to a different practice. Immediate implementation followed by later review has become standard operating procedure in some circuits. But the courts of this state are not empowered to develop local rules which contravene those promulgated by the Supreme Court. State v. Darnell, 335 So.2d 638 (Fla. 4th DCA 1976). Nor may courts devise practices which skirt the requirements of duly promulgated rules. Inasmuch as we conclude that the court's practice in the case at bar fails to comply with rule 1.490(h), Fla.R. Civ.P., and thereby constitutes a departure from the essential requirements of law, we grant the writ and quash the order denying a stay.
ANSTEAD, C.J., and LETTS, J., concur.