490 So.2d 1051 (1986)
Charles COX, Appellant,
v.
Donna COX, Appellee.
No. 85-2682.
District Court of Appeal of Florida, Fourth District.
July 2, 1986.
*1052 Andrew M. Chansen, of Chansen & Chansen, Boca Raton, for appellant.
Marc L. Barbakoff, of Barbakoff, Fleitman & Schwartz, P.A., Miami, for appellee.
HERSEY, Chief Judge.
Charles Cox seeks review of non-final orders entered in dissolution of marriage proceedings.
Two of appellant's grounds for seeking reversal of his motion to set aside the order granting temporary relief to the wife were not raised below and consequently may not appropriately be considered here. Ferris v. Ferris, 417 So.2d 1066 (Fla. 4th DCA 1982) (where parties failed to object below to master's noncompliance with rule 1.490, objections were waived for appellate purposes); Crovella v. Cochrane, 102 So.2d 307 (Fla. 1st DCA 1958) (issue of lack of compliance with rule regarding filing of motion for summary judgment and supporting affidavits was not preserved for appellate review in absence of timely objection below).
Appellant's third ground, improper notice due to a slight misspelling of his counsel's name, is without merit. Rule 1.080(f), Florida Rules of Civil Procedure, provides that a certificate of service is "prima facie proof" that service has been made in compliance with the rules. See also Gavin v. Gavin, 456 So.2d 535 (Fla. 1st DCA 1984); Scott v. Johnson, 386 So.2d 67 (Fla. 3d DCA 1980). In the Scott case a certificate of service which read: "`It is hereby certified that a true copy of this Order was mailed to each attorney of record and party appearing without counsel on the above date'" was found sufficient to constitute prima facie evidence of mailing, and "proof of mailing raises the presumption that the mail was received... ." 386 So.2d at 69 (citations omitted). We hold that a stronger showing of valid service has been made in the present case than in Scott, since it was shown that notice was sent to the correct street address, including suite number. Under these circumstances a minor misspelling of counsel's name (idem sonans) is not a sufficient basis for invalidating notice unless prejudice is shown.
Appellant also seeks to reverse certain orders of referral to a general master. Once objection was made the trial court vacated the prospective operation of the referrals but left intact matters already completed. We conclude that an express agreement of the parties with respect to referral to a master is required only where the master is given authority to determine "all issues, both fact and law." Data Lease Financial Corp. v. Blackhawk Heating & Plumbing Co., 325 So.2d 475, 477 (Fla. 4th DCA 1975). See also Little v. Little, 325 So.2d 424 (Fla. 3d DCA), cert. denied, 341 So.2d 1083 (Fla. 1976). The instant case does not present such a situation, since only specific, limited matters were referred to the master for determination. Therefore, appellant's failure to timely object constituted a waiver of that right with regard to completed referrals.
Finally, appellant correctly contends that the trial court erred in entering an order on the general master's report earlier than ten days after filing of the report, even though the order was entered subject to timely exception. Berkheimer v. Berkheimer, 466 So.2d 1219 (Fla. 4th DCA 1985). We therefore vacate the order of approval. However, exceptions having been filed and heard, there is no impediment at present to reentry of the order approving the master's report, taking into account disposition of the objections.
Accordingly we affirm in part, reverse in part and remand for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GLICKSTEIN and DELL, JJ., concur.