491 So.2d 1268 (1986)
James K. FONTE, Petitioner,
v.
The Honorable F. Dennis ALVAREZ, Circuit Judge, Thirteenth Judicial Circuit, Hillsborough County, Florida, Respondent.
No. 86-1365.
District Court of Appeal of Florida, Second District.
July 30, 1986.
Judge C. Luckey, Jr., Public Defender, and Joseph J. Bartholdi, Asst. Public Defender, Thirteenth Judicial Circuit, Tampa, for petitioner.
Jim Smith, Atty. Gen., and Joseph Lewis, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
*1269 GRIMES, Acting Chief Judge.
Fonte files this petition for mandamus seeking to compel the circuit judge to conduct a hearing on the filing of exceptions to a master's report in a Baker Act proceeding.
The court below entered an order directing a special master to conduct a hearing on the issue of involuntary placement. Ultimately, the special master filed a report recommending that Fonte be involuntarily placed for treatment. Five days thereafter Fonte's attorney filed exceptions to the special master's report and moved for a hearing on the exceptions. The trial court rejected the exceptions without a hearing and entered an order involuntarily placing Fonte in G. Pierce Wood Memorial Hospital at Arcadia.
The rule which authorizes the appointment of special masters is Florida Rule of Civil Procedure 1.490. Subsection (h) of that rule provides as follows:
(h) Filing Report; Notice; Exceptions. The master shall file his report and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within the period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party.
This provision has been consistently construed to require the judge to conduct a hearing on exceptions to a master's report. Berkheimer v. Berkheimer, 466 So.2d 1219 (Fla. 4th DCA 1985); Monyek v. Monyek, 453 So.2d 504 (Fla. 3d DCA 1984); Wyman v. Wyman, 430 So.2d 610 (Fla. 4th DCA 1983); Kay v. Kay, 430 So.2d 532 (Fla. 4th DCA 1983). As noted in Kay:
In many instances the court has discretion to consider a motion with or without a hearing; however, the rule in question wisely provides that exceptions to a master's report shall be heard by the court on notice by either party. One criticism often directed at the Master System arises by virtue of the resort to lesser functionaries who are not judges. Parties often feel they are entitled to be heard by the judge in the case rather than by an individual functioning in some subordinate role. Whether their fears and desires are really justified is beside the point. While the use of masters has a long tradition in our jurisprudence, it has always been tightly circumscribed and limited. In order to protect a party's right to be ultimately heard by the judge in the case, the framers of the Rules of Civil Procedure inserted the requirement that, if a party disagrees with a master's conclusions, the judge should hear the objections before ruling thereon. Consequently, we do not believe the inclusion of the hearing requirement in Rule 1.490(h) was inadvertent.
430 So.2d at 533 (footnote omitted). While none of the cases cited above were Baker Act proceedings, we see no basis for a different procedure in that type of case.
In filing his petition for mandamus, Fonte contends that he is seeking to compel the trial court to perform a duty clearly imposed by law. See State ex rel. Eichenbaum v. Cochran, 114 So.2d 797 (Fla. 1959). However, even if it be assumed that the obligation to hold such a hearing in a Baker Act proceeding is a duty clearly imposed by law, the court has already entered an order of involuntary placement. Hence, we believe that Fonte's proper remedy was by way of appeal. Nonetheless, our constitution mandates that improper remedies which have been sought will not justify "dismissal of causes or reviews where a proper remedy or review procedure is available, provided the relief sought was timely brought." State v. Johnson, 306 So.2d 102 (Fla. 1974). Since Fonte's petition was timely filed, there is a sufficient record before us, and both sides have fully argued the disputed issue, we will dispose of the case as if it were an appeal.
We reverse the order of involuntary placement and remand to the trial court to conduct a hearing on the exceptions to the master's report and to enter such further orders as may be appropriate. In the meantime, the court may continue to hold *1270 Fonte in local placement pursuant to our prior order.
SCHOONOVER and FRANK, JJ., concur.