546 So.2d 1108 (1989)
Robert ELLETT, Appellant/Cross-Appellee,
v.
Margaret ELLETT, Appellee/Cross-Appellant.
No. 88-01332.
District Court of Appeal of Florida, Second District.
June 30, 1989.
Rehearing Denied July 27, 1989.
John R. Asbell of Asbell, Hains, Doyle & Pickworth, P.A., Naples, for appellant/cross-appellee.
George O. Kluttz, P.A., Fort Myers, for appellee/cross-appellant.
RYDER, Acting Chief Judge.
This is an appeal from a final judgment of dissolution in which the husband has filed the main appeal and the wife has cross-appealed. Of the several points raised in the briefs, only one, raised by the husband, has merit. In that point, the husband argues that the trial court erred in denying his request for a hearing on his exceptions to the report of the special master who presided over the final hearing. We agree and reverse.
Due to the complexity of the financial issues involved in this case, the parties *1109 consented to the appointment of a certified public accountant as special master. After hearing four days of testimony, the special master issued a detailed set of proposed findings to which both parties filed objections, responses and memoranda of law. The husband also filed his request for a hearing, which the trial court denied. After considering the parties' objections, the court entered its final judgment dissolving the marriage, attaching its own detailed findings which adopt the special master's proposed findings. In its findings, the trial court offers the following explanation for its decision to deny the husband's request for a hearing:
Husband has strenuously urged the Court to allow oral argument on the objections to the Special Master's Report and findings. I have allowed practically unlimited opportunity for each counsel to set forth in writing their arguments. I have reviewed their written arguments, as well as the 800 page transcript, the exhibits, and the report by the Special Master. I believe the most efficient and fair method in this case to be the use of written arguments, which allows me to then compare at length the arguments to the written record. I have done this in a thorough and systematic method, and I decline to allow oral argument, which I believe is a matter of discretion for the Judge.
The trial court erroneously determined that it had the discretion to deny the husband's request for a hearing. Florida Rule of Civil Procedure 1.490(h) provides that "[i]f exceptions [to the master's report] are filed, they shall be heard on reasonable notice by either party." (Emphasis supplied.) Appellate courts throughout this state have uniformly interpreted rule 1.490(h) to require a mandatory hearing before the trial court on the parties' exceptions if one is requested. See Fonte v. Alvarez, 491 So.2d 1268 (Fla. 2d DCA 1986); Berkheimer v. Berkheimer, 466 So.2d 1219 (Fla. 4th DCA 1985); Monyek v. Monyek, 453 So.2d 504 (Fla. 3rd DCA 1984); Wyman v. Wyman, 430 So.2d 610 (Fla. 4th DCA 1983); Kay v. Kay, 430 So.2d 532 (Fla. 4th DCA 1983). The hearing requirement in the general and special master context is mandatory "[i]n order to protect a party's right to be ultimately heard by the judge in the case... ." Kay at 533. "The rule was designed to safeguard the due process rights of the parties... ." Berkheimer at 1220. Due process concerns distinguish the mandatory hearing requirement in rule 1.490(h) from the permissive rule allowing appellate oral argument at the discretion of the appellate court. See Fla.R.App.P. 9.320.
In the present case, we are not certain that an oral presentation will change the trial court's view, since it is apparent that the court based its findings on a diligent and thorough consideration of the case. In addition, we recognize that the trial court commendably attempted to balance its need to expeditiously decide this case through the use of a special master with its desire to treat the case fairly by giving it the careful scrutiny it demands. However, the balance between fairness and efficiency, in the context of the master system, has already been struck by the supreme court in its promulgation of rule 1.490(h). Local judicial efforts to contravene rules promulgated by the supreme court, however well intentioned, cannot be approved. See Berkheimer at 1221. Therefore, we are constrained in this case to require the trial court, on remand, to provide time on its docket for a hearing on the parties' exceptions to the special master's proposed findings, pursuant to rule 1.490(h).
Reversed and remanded with instructions.
LEHAN and ALTENBERND, JJ., concur.