PATTERSON, Judge.
The appellants, Charles A. Hamilton and Harbor Place Associates, Ltd., challenge an order entered after a final judgment of foreclosure. The order grants appellee Midlantic National Bank’s motion to schedule sale of personal property. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(4), which permits review of nonfinal orders entered after final judgment. We reverse the trial court’s order and remand the cause for further proceedings.
The appellee sought to foreclose a mortgage upon the Sheraton Harbor Place Hotel in Fort Myers, and the trial court entered a final judgment of foreclosure in the amount of $35,308,566.81. After the foreclosure sale, the trial judge discovered that the certificate of title did not transfer title to the personal property, and thus only the real property had been sold. Subsequently, the trial court appointed a special master to formulate an inventory of the tangible personal property at the hotel which would have been sold at the judicial sale. The trial court entered its directions to the special master, and the appellants filed objections to the court’s directions, but the objections were not heard.
The special master prepared a seventy-eight page “Fair Market Value Study,” to which the appellants filed objections. No hearing has been held on the objections. Upon the appellee’s motion, the trial court conducted a hearing, granted the appellee’s motion, and entered its “Order On Motion To Schedule Sale Of Personal Property.” This order allows a sale of the tangible personal property after the appellants have an opportunity to inspect the property in connection with their objections to the sale and the special master’s study.
Among their nine points on appeal, the appellants contend that the trial court was required to hear their objections to the special master’s study before acting upon it. The appellee concedes that a hearing on the appellants’ objections to the special master’s study is required. See Ellett v. Ellett, 546 So.2d 1108 (Fla. 2d DCA 1989). However, the appellee argues that the order does not deny such a hearing and that the filing of this appeal prevented the trial court from conducting that hearing. It appears that the appellants filed their notice of appeal when the trial court rendered its order to prevent the possibility of jeopardizing their right to appeal.
Every objection the appellants raise in this appeal was also raised in their objections to the special master’s study. The trial court has not yet heard those objections; thus, we reverse the order and remand the cause for hearing on the objections.
Reversed and remanded.
FRANK, A.C.J., and THREADGILL, J., concur.