PER CURIAM.
The trial court lacked the discretion to enter an order ratifying a general master’s report just two days after its entry. The provisions of rule 1.490(h), Florida Rules of Civil Procedure, are mandatory. The rule authorizes the trial court to take appropriate action on the master’s report only if no exceptions are taken within a 10 day period. If exceptions are filed, they are to be heard.
The clear import of the rule is that a trial court may take appropriate action only after the court hears the exceptions. Therefore, it was error to deny appellant’s motion to vacate the premature order. Berkheimer v. Berkheimer, 466 So.2d 1219 (Fla. 4th DCA 1985); Kay v. Kay, 430 So.2d 532 (Fla. 4th DCA 1983); Cox v. Cox, 490 So.2d 1051 (Fla. 4th DCA 1986); Elliott v. Elliott, 478 So.2d 509 (Fla. 4th DCA 1985); Dembrowski v. Dembrowski, 580 So.2d 897 (Fla. 4th DCA 1991).
We recognize that this issue appears mooted by the trial court’s subsequent denial of appellant’s exceptions. Appellees argue that a trial court may disregard the clear mandate of the above opinions of this court by simply providing in a premature enforcement order that it is “subject to” any subsequently filed objections. However, we decline to read such an exception into the established rule, particularly given the history of this court’s repeated insis *616 tence that the purpose of the rule be honored. Therefore, the order is reversed. Notwithstanding the foregoing, we do also note that we can discern no impediment, on remand, to a reentry of the trial court order after a hearing on appellant’s exceptions.
HERSEY and STONE, JJ., and DOWNEY, JAMES C., Senior Judge, concur.