WARNER, Judge.
The appellant challenges a Final Order of Commitment entered by the trial court. He contends that the court erred in entering the order prior to ruling on exceptions from the general master’s report recommending commitment. Based on Moskowitz v. Moskowitz, 611 So.2d 615 (Fla. 4th DCA 1993), we reverse.
The husband had previously been held in contempt by the trial court for failure to pay alimony to the former wife. On September 22, 1994, the wife moved for commitment based on the order of contempt. A general master conducted a commitment hearing on October 18,1994, after which the master filed a written report finding that the husband should have paid $14,625.25 since the contempt order issued. Instead the husband had paid nothing. The master further found that the husband was unemployed and receiving unemployment compensation but that he was a shareholder of two corporations that had assets to which he had some access. Moreover, he had ownership interests in his residence and other property. The master recommended commitment. On October 31, 1994, the husband filed exceptions to the general master’s report. Before hearing the exceptions, the trial court signed an order of commitment on November 3, 1994. Nevertheless, on November 8, 1994, the trial court granted the husband’s exceptions and set a hearing for November 17,1994. At the hearing, after considering the exceptions, the trial court ruled from the bench that it was satisfied with the master’s findings that the husband had the present ability to pay.
Despite the fact that the hearing on the husband’s exceptions was held after the court rendered its order of commitment, the trial court did not vacate the prior order or issue an additional order of commitment. Further, the written order of commitment entered on November 3, 1994, does not contain an express finding that the husband had a present ability to pay the purge amount. The husband appeals the November 3, 1994, order of commitment.
In Moskowitz, we held that Florida Rule of Civil Procedure 1.490(h) requires that a trial court may take appropriate action on a general master’s report only after the court hears timely filed exceptions. In the instant case, the order was entered before the timely filed exceptions were heard.
The trial court should have vacated the November 3rd order of commitment when it entered its order setting the exceptions for a hearing. It then could have reentered the order of commitment after the hearing on the exceptions and avoided the procedural quandary and this appeal. Yet it did not, thus raising some concern on our part whether its oral ruling was its final determination on the matter.
We therefore reverse and remand. Because of the passage of time during this appeal, a new hearing must be held. If the trial court determines that the order of commitment should be entered, the order should contain a finding of present ability to pay. *977 See Bowen v. Bowen, 471 So.2d 1274 (Fla.1985).
POLEN and PARIENTE, JJ., concur.