GROSS, Judge.
Appellant, Morton Ginsberg, appeals a non-final order ruling that he had entered a general appearance submitting himself to the jurisdiction of the court. We have jurisdiction. Fla.R.App.P. 9.130(a)(3)(C)(I).
This is a personal injury action in which appellee, Mirielle Lamour, seeks damages on behalf of her son resulting from injuries he sustained when he fell through the railing of an apartment balcony. Ginsberg is alleged to be the owner of the apartment complex. By orders dated January 29, and May 13, 1997, the trial court quashed two attempts at service of process on Ginsberg. On September 9,1997, Lamour moved for the entry of a default against Ginsberg based on his failure to appear after service on his agent pursuant to section 48.071, Florida Statutes (1995). The motion alleged that two different agents had been served, each at a different time. In response, Ginsberg filed a motion to quash service of process, attacking service on the agents. Also, Ginsberg filed a “response to plaintiffs [sic] motion for entry of default” incorporating his affidavit, which asserted that the persons served were not his agents at the time of service. The response referenced the motion to quash in arguing that default was improper. The last paragraph of the response stated that Ginsberg had “meritorious defenses including but not limited to lack of negligence, comparative negligence, collateral source setoff, negligence of non-parties, nonownership of the property by any named entity and damages defenses.”
The trial court granted the motion to quash, but held that the response to the motion for entry of default was a general *183 appearance submitting Ginsberg to the jurisdiction of the court.
Ginsberg’s filing of a response to the motion for default was a defensive action, not a request for affirmative relief inconsistent with his defense of lack of personal jurisdiction. See, e.g., Cumberland Software, Inc. v. Great Am. Mortg. Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987). In Montero v. Duval Fed. Sav. & Loan Ass’n, 581 So.2d 938, 939 (Fla. 4th DCA 1991), we held that a defendant did not submit himself to the jurisdiction of the court where he had filed a motion to quash service of process along with a motion to set aside a default. Montero relied on Florida Rule of Civil Procedure 1.140(b), which states that “[n]o defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion.” Ginsberg’s response to Lamour’s motion for default was purely defensive; it was less susceptible to being characterized as a request for affirmative relief waiving the objection to personal jurisdiction than was the motion to set aside the default in Monte-ro. For this reason, the trial court erred in its determination that Ginsberg’s response was a general appearance. See also Moo Young v. Air Canada, 445 So.2d 1102 (Fla. 4th DCA 1984); M.T.B. Banking Corp. v. Bergamo Da Silva, 592 So.2d 1215 (Fla. 3d DCA 1992); Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985); Zarcone v. Lesser, 190 So.2d 805, 807-08 (Fla. 3d DCA 1966).
Distinguishable on its facts, Buttigieg v. Prunetti, 610 So.2d 667 (Fla. 4th DCA 1992), relied on by appellee, is also a plurality opinion without precedential value. See Santos v. State, 629 So.2d 838, 840 (Fla.1994); Art. V, § 4(a), Fla. Const.
We reverse that portion of the order of September 17,1997 ruling that appellant had entered a general appearance and ordering a responsive pleading to the amended complaint.
REVERSED AND REMANDED.
GUNTHER and POLEN, JJ., concur.