FULMER, Judge.
Phillip A. Baumann challenges the trial court’s order adopting the report and recommendations of the general master in the underlying probate proceeding. Baumann raises four issues on appeal, three of which have merit and require reversal.
Stanford Blum died in Hillsborough County, Florida, on July 11, 2002. He left his entire estate to his friend, Emily Young. Mrs. Young’s son, Reid Young, was the attorney-in-fact for both Blum and his mother. In that capacity, Mr. Young hired Baumann to petition the probate court in Hillsborough County to appoint Baumann as personal representative of the estate. The petition was granted. Bau-mann also served as counsel for the personal representative.
Baumann filed a final accounting and petition for discharge on January 21, 2003. On February 14, 2003, Mr. Young filed timely objections to the final accounting and the petition for discharge but never set a hearing on the objections within ninety days as required by Florida Probate Rule 5.401(d). On August 6, 2003, Bau-mann filed a supplemental final accounting and a supplement to the petition for discharge to reflect the administration of the estate since January 17, 2003. Mr. Young filed a timely objection to the supplemental accounting and supplement to petition in which he specifically contested the fees charged by Baumann, directed the court’s attention to the objections previously filed, and requested a hearing. On October 14, 2003, a hearing was held before a general master who issued a report and recommendation dated October 31, 2003. Bau-mann timely filed objections to the general master’s report. Without conducting a hearing, the trial court entered an order adopting the general master’s report and recommendations.
In this appeal, Baumann asserts that the trial court erred by failing to conduct a hearing on his objections. Baumann also asserts as error the trial court’s failure to award fees for extraordinary services, failure to award costs for registered mail, and failure to order payment for expert witness fees.
We first address the trial court’s failure to conduct a hearing on Baumann’s objections. Baumann argues that it was error for the trial court to take action on the general master’s report without first *1108 conducting a hearing. Baumann does not assert that he was refused a hearing after having requested one. Florida Rule of Civil Procedure 1.490(h) provides that if exceptions are filed to a general master’s report, they shall be heard “on reasonable notice by either party.” This rule has been interpreted to require a mandatory hearing before the trial court “if one is requested.” See Ellett v. Ellett, 546 So.2d 1108, 1109 (Fla. 2d DCA 1989). Our record reflects no request for a hearing, and therefore, the trial court’s failure to conduct a hearing was not error.
The remaining issues Baumann raises on appeal were raised by Baumann in his objections to the report and recommendation of the general master. In its order approving the general master’s report, the trial court concluded that Baumann’s objections addressed issues that were “within the sound discretion of the General Master and do not demonstrate an abuse of discretion as to the application of the law to the facts.” We disagree.
Baumann argues that the trial court erred by failing to make any findings as to extraordinary services and by failing to award fees for those services. The Florida Probate Code in section 733.6171(4), Florida Statutes (2003), provides that “[i]n addition to fees for ordinary services, the attorney for the personal representative shall be allowed further reasonable compensation for any extraordinary service.” (Emphasis added.) Neither the general master nor the trial court has discretion to decline an award of fees for extraordinary services upon proper proof. In this case, Baumann presented uncontested expert testimony that supported a claim for extraordinary services fees. This evidence was summarized in the general master’s findings of fact. Inexplicably, the general master made no recommendation regarding whether extraordinary services were provided and, if so, what a reasonable fee would be. By adopting the general master’s report, the trial court also failed to make any ruling on this issue and thereby denied Bau-mann’s claim for extraordinary services fees, contrary to the mandate of section 733.6171(4).
Baumann next argues that the trial court erred by denying Baumann’s claim for reimbursement for the costs of sending registered mail notices to Blum’s creditors. No objection was made to this claim for costs. However, the general master, sua sponte, concluded that “mailing notice to creditors by registered mail is not required under the Statutes and therefore I recommend no reimbursement for such extraordinary postage expense.” We agree with the conclusion that there is no statutory mandate for the use of registered mail. However, neither is there a statutory prohibition against its use. Florida Probate Rule 5.241(a) requires the personal representative to serve notice to creditors of the decedent who are reasonably ascertainable. Rule 5.040(d) authorizes the personal representative to choose the option of giving formal notice. Formal notice includes service by “any form of mail requiring a signed receipt.” See Fla. Prob. R. 5.040(a)(3). Therefore, the trial court erred by denying reimbursement for the registered mail costs.
The final error Baumann asserts is the trial court’s failure to order payment of expert witness fees from the assets of the estate. Section 733.6175(4) mandates that if expert testimony is offered in a fee hearing, “a reasonable expert witness fee shall be awarded by the court and paid from the assets of the estate.” (Emphasis added.) Again, this is not a discretionary matter. Therefore, the trial court erred by failing to determine a reasonable fee for Baumann’s testifying expert and order *1109 that it be paid from the assets of the estate.
Accordingly, we reverse and remand for the trial court to reconsider Baumann’s objections together with the evidence presented at the hearing[1] conducted by the general master and enter an order that addresses Baumann’s claim for extraordinary services fees, grants Baumann’s claim for reimbursement for registered mail postage costs, and awards a reasonable fee for Baumann’s expert witness, all to be paid from the assets of the estate.
Reversed and remanded with directions.
DAVIS and WALLACE, JJ„ Concur.

. From our review of the record, it appears that at the time the trial court entered its order adopting the general master’s report,, the transcript of the hearing conducted by the general master had not yet been transcribed and, thus, was not available for review. Florida Rule of Civil Procedure 1.490(f) requires that “evidence shall be taken in writing by the master or by some other person under the master’s authority in the master's presence and shall be filed with the master’s report.” We are unable to determine what, if anything, the general master filed in order to comply with this rule.'