968 So.2d 1059 (2007)
FOXFIRE OWNERS ASSOCIATION, INC., Appellant,
v.
FOXFIRE PROPERTIES, LLC, and Sugar Loaf Environmental Holdings, LLC, Appellees.
No. 2D07-3137.
District Court of Appeal of Florida, Second District.
December 5, 2007.
*1060 Donald E. Hemke of Carlton Fields, P.A., Tampa, for Appellant.
Steven J. Chase and Hunter G. Norton of Abel Band, Chartered, Sarasota, for Appellees.
PER CURIAM.
Foxfire Owners Association, Inc. (the Association) appeals two nonfinal orders the trial court entered in the underlying declaratory action. The dispute centers on certain covenants in the Association's favor that run with neighboring land. Foxfire Properties, LLC owns part of the property subject to the covenants and Sugar Loaf Environmental Holdings, LLC leases the remaining portion. Foxfire Properties and Sugar Loaf filed the underlying declaratory action to determine whether these covenants enjoy continued validity in the face of changed circumstances. The trial court referred all discovery motions and all motions directed to the pleadings to a general magistrate who held a hearing and filed a recommended order. In the first nonfinal order we review, the trial court struck the Association's objections to the magistrate's recommended order as untimely filed; in the second, the trial court adopted the magistrate's recommended order without hearing the Association's objections.
The orders the Association brings to us are not reviewable as a nonfinal appeal. Fla. R.App. P. 9.130(a)(3). Nevertheless, we elect to treat this case as a petition for certiorari. See Fonte v. Alvarez, 491 So.2d 1268, 1269 (Fla. 2d DCA 1986) (citing State v. Johnson, 306 So.2d 102 (Fla.1974), for the proposition that dismissal should be avoided and the cause heard on the merits where an improper remedy has been sought as long as there is a proper remedy or review procedure available and provided the relief was timely sought).
Foxfire Properties and Sugar Loaf concede that relief is appropriate; thus, we grant the petition and strike the trial court's order adopting the magistrate's recommended order. We remand with instructions that the trial court hold a hearing on the Association's timely filed objections. See Fla. R. Civ. P. 1.490(h) ("If [timely] exceptions are filed, they shall be heard on reasonable notice by either party."). After holding a hearing on the Association's exceptions, the trial court may then reconsider whether to adopt the magistrate's recommendations.
Petition for certiorari granted, order stricken, and cause remanded with instructions.
CASANUEVA, SILBERMAN, and VILLANTI, JJ., Concur.